Charles Lambíase, J.
Petitioner, William G. Colby, has brought on a show cause order, which order provides that the defendant, Uran Mining Corporation, and the plaintiff, the People of the State of New York, show cause “ why an order should not be granted, allowing the said William Gr. Colby, his reasonable expenses, consisting of attorneys fees actually and necessarily incurred by him in connection with the defense of the above entitled action, by reason of he having been made a party to such action by reason of the fact that he was a director, officer and/or employee of the Uran Mining Corporation, one of the defendants in this action, at the request of which he served as director, officer and employee, as is provided for under Section 64 of the General Corporation Law, and subsequent sections thereof, and why the said corporation should not be directed to issue a check for such expense as is determined by the Court and pay the same and why the order should not provide for the release of such funds from the defendant’s bank account, which is presently stayed and why the said William G. Colby should not have such other and further relief as may be just and proper ”. (Order, dated Feb. 29, 1960.)
The defendant corporation, now in receivership, has taken the position that petitioner is not entitled to payment of counsel fees out of the assets of said corporation contending ‘ ‘ that the legal action for which counsel for said William G. Colby requests payment of fees was brought by the Attorney General, Louis J. Lefkowitz (Angelo Brindisi, Assistant Attorney General, of counsel) against the said William G. Colby as an individual, and not in any capacity that defendant might have had as director, officer, or employee of the Uran Mining Corporation ” (Subd. 2, affidavit of Jordon E. Pappas, sworn to May 6, 1960); and maintaining that “in view of the capacity in which said defendant was sued as aforesaid, he should not be entitled to the payment of counsel fees out of the assets of said Uran Mining Corporation as is provided for in Article 6-A of the General Corporation Laws of the State of New York. The deponent herewith respectfully advances the opinion that the sense and spirit of this Article, more specifically Sections 63 and 64 thereof, are such that that which is envisioned thereby are legal proceedings in the nature of stockholders’ derivative *959 actions.” (Subd. 3 of Jordan E. Pappas’ affidavit sworn to May 6, 1960.) Concededly, the action in which petitioner was sued was not in the nature of “ stockholders’ derivative actions ”.
The Attorney-General, representing the People of the State of New York, takes the position that petitioner is not entitled to be compensated by the Uran Mining Corporation for the legal fees incurred by him in defending himself in the hereinafter-mentioned action brought against him and others, including the corporation, by the People of the State of New York asserting that the sections of law upon which petitioner relies do not contemplate compensation for services rendered under the circumstances of this case.
The action first above in the title set forth was instituted on behalf of the People of the State of New York by the Attorney-General to enjoin the defendants therein named, including petitioner, from engaging in the securities business within and from the State of New York, and for the appointment of a receiver for the corporate defendant, on the ground that each of them has engaged and participated in fraudulent practices as defined in article 23-A of the General Business Law, commonly known as the Martin Act. There was a trial of said action lasting some 19 days before the Honorable John C. Wheeler, Official Referee, in which over 3,000 pages of testimony were taken and more than 300 exhibits were admitted into evidence. By decision dated January 29, 1960 duly filed in Monroe County Clerk’s office, Justice Wheeler directed judgment in favor of plaintiff and against the defendants, Uran Mining Corporation, Anthony Fargo, and Joseph W. Aiello, as demanded in the complaint, and directed further judgment in favor of the defendant William G. Colby and another, not concerned in this motion, dismissing the complaint upon the merits.
Justice Wheeler in his decision, at page 9, stated: “ I reach the conclusion that the acts and representations attributed to Defendants Colby and Martino, although being fraudulent practices in a technical sense, were honestly made in complete good faith.” An appeal from said decision taken by John Addante as president of Uran Mining Corporation is now pending in the Appellate Division of the Supreme Court in the Fourth Judicial Department.
It is an indispensable condition under the statute, upon which petitioner relies, that a defendant who seeks to impose upon a corporation the responsibility of meeting the expenses of contesting the action against him must have been made a party *960 defendant to the action by reason of his being or having been a director or officer or employee of the corporation, (General Corporation Law, § 64; Matter of Schwarz v. General Aniline & Film Corp., 305 N. Y. 395; Spring v. Moncrieff, 10 Misc 2d 731.)
We are of the opinion that petitioner has not met such condition ; and, therefore, to impose liability in this instance against the corporation would be to extend the statute beyond its fair intendment. We do not, therefore, reach the contention of the Receiver that sections 63 and 64 of the General Corporation Law should be restricted to stockholders’ suits nor do we reach the further question of the extent and of the reasonableness of the expenses consisting of attorneys’ fees actually and necessarily incurred by petitioner in connection with his said defense.
The petition, therefore, must be and hereby is in all respects denied.