■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. URAN MINING CORPORATION, Respondent, et al., Defendants, and WILLIAM G. COLBY, Appellant.— Appellant directed to prepare, serve and file a supplemental record within 30 days in accordance with the memorandum. Memorandum: The record is incomplete and obviously does not contain all of the papers that were before Special Term upon the motion. We start with the order, which does not comply with rule 70 of the Rules of Civil Practice. That rule provides that "A memorandum of the determination of a motion, together with a recital of the papers used thereon, indorsed on or appended to the motion papers and signed by the court or judge, shall constitute the order". The order appealed from recites and refers only to the memoranda of law and petition of William G. Colby. It clearly appears that there were other papers before Special Term because the memorandum decision of the Special Term Justice refers to an affidavit of Jordon E. Pappas, sworn to May 6, 1960. This affidavit, however, is not in the record on appeal. Furthermore, the application is based upon an alleged judgment in favor of Colby, in the case of *People* v. *Uran Min. Corp.* There is no such judgment contained in the record and this judgment is basic to the right to make the application. Nor is the decision of Justice WHEELER, who decided *People* v. *Uran Min. Corp.*, a part of the record. We have only one brief passage from it which is recited in the memorandum decision of Special Term. The entire decision should be made part of the record together with specific findings, if there were any in addition to the decision itself, in favor of Colby, upon which the alleged judgment in his favor was predicated. The record should contain copies of all papers which were used in the court below and are specified in the order (Rules Civ. Prac., rule 234). This means all papers that should have been specified in the order. The stipulation waiving certification of the record does not help because it states that the record contains all papers used in support of the petition "now on file in the office of the Clerk of the County of Monroe." If this stipulation is correct, it is obvious that certain papers were before the court which were not on file in the Clerk's office when the stipulation was signed. A supplementary record should be filed. This does not mean that the memoranda of law submitted to Special Term should be included merely because they were mentioned in the order appealed from. (Appeal from order of Monroe Special Term denying application for payment of counsel fees for attorneys for defendant Colby.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ. [26 Misc 2d 957.]

■ EDWARD A. KOPP, Plaintiff, v. SYRACUSE RIGGING COMPANY, INC., et al., Defendants. SYRACUSE RIGGING COMPANY, INC., Third-Party Plaintiff-Appellant, v. NATHAN A. BLITMAN et al., as Executors of WILLIAM F. CLARK, Deceased, Doing Business as SYRACUSE STEEL BUILDINGS CO., Third-Party Defendants-Respondents.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Onondaga Special Term granting motion for dismissal of the third-party complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.