Matthew M. Levy, J.
In this action, the plaintiff sought judgment for brokerage services alleged to have been rendered by bim in connection with a proposed acquisition by Penn-Texas Corporation of the capital stock and assets of the defendant Swan-Finch Oil Corporation, which, it was claimed, failed of consummation because the defendant Moncrieff, who owned a *732 substantial amount of the outstanding stock of Swan-Finch, sold his stock to a third party. I have had occasion heretofore to analyze the nature of the causes of action in this matter (208 Misc. 671), and it would be pointless to do so here. The action came to trial and resulted in a dismissal of the complaint on the merits against both defendants. The plaintiff has appealed from the judgment of dismissal and the appeal is presently pending.
The defendant Moncrieff was an officer, director and employee of the corporate defendant. He now moves before me to assess against the corporate defendant the reasonable expenses, including counsel fees, necessarily incurred by him in the successful defense of the action as against himself personally, and to obtain the approval of the court of a proposed settlement of the action as between himself and the plaintiff.
In making this application, the moving party relies upon article 6-A of the General Corporation Law and article VI of the by-laws of the corporation, which in substance follows the language of the statute. The corporate defendant, now in receivership, urges that the provisions of both thereof are limited to suits by stockholders, and, concededly, this is not that type of action. I need not now come to grips with the question as to whether the contention thus made is sound; for, even if, as the movant contends, the dissent of Associate Judge Fuld in Matter of Schwarz v. General Aniline & Film Corp. (305 N. T. 395, 408) demonstrates that sections 63 and 64 of the General Corporation Law (following as they do §§ 60 and 61) are not intended to be restricted to stockholders’ suits, it is clear to me — and I so hold — that it is an indispensable condition under the statute and the by-laws that a defendant who seeks to impose upon the corporation the responsibility of meeting the expenses of contesting the action against him must be made a party defendant to the action by reason of his being or having been a director or officer or employee of the corporation.
That is not this case. The two counts stated in the complaint imply the antithesis thereof, and what the movant states in his present affidavit to the contrary is unavailing. The causes of action were sufficient as against the movant only because liability was sought to be imposed upon him as an individual and by virtue of his participation in the transactions as an individual (208 Misc. 671). If the allegation in the complaint were that the movant was made a party by reason of his status as a corporate director, officer or employee, no liability would ensue as against him (Potter v. Minskoff, 2 A D 2d 513, 514).
*733 If, perchance, the complaint against the moving party here were dismissed on trial because of the failure of proof of his participation as an individual and of proof only that he acted as a representative of the corporation, the causes would not thereby have been rendered subject to the provisions of the statute and the by-laws as to reimbursement of the expenses incurred by him in defending the action as an individual. In my view, the coverage of the statute and the by-laws cannot be extended to embrace this situation, for, otherwise, it must be deemed that they entirely abrogated the common-law rule of nonliability of a corporate fiduciary in regard to his principal (Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317; Moskowitz v. Feuer, 265 App. Div. 884, affd. 291 N. Y. 568) and that has not been done, either by the Legislature or by the corporation.
Accordingly, the application by defendant Moncrieff to direct defendant Swan-Finch Oil Corporation to pay the expenses incurred by him in defense of this action is denied; and, by the same token, approval by this court of the proposed settlement between the plaintiff and the defendant Moncrieff would seem to be inappropriate. An order has therefore been entered denying the motion in all respects.