**Richard L. GILLMAN,**
**Plaintiff–Appellant,**

v.

**BURLINGTON NORTHERN**
**RAILROAD COMPANY,**
**Defendant–Appellee.**

No. 88–2280.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 14, 1989.

Decided July 11, 1989.

Patrick S. O'Brien, Pratt & Callis, P.C., East Alton, Ill., for plaintiff-appellant.

John Newell, Kenneth J. Wysoglad & Assoc., Chicago, Ill., for defendant-appellee.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This is an appeal from the district court's order granting the defendant's motion to dismiss for failure to state a claim, or alternatively, for judgment on the pleadings.[1] The appellant had filed this action in the district court under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, alleging negligent infliction of emotional distress, and the district court ruled that such a cause of action is cognizable under FELA. The district court further ruled that although federal law governed FELA cases, the court would look to Illinois law for guidance. Under Illinois law, the district court held that the appellant's second amended complaint failed to state a cause of action for negligent infliction of emotional distress. On appeal, the appellant argues that he has alleged a cognizable claim under FELA and that his second amended complaint adequately states a claim for relief under Illinois law. We affirm the district court's ruling that the appellant's second amended complaint fails to state a claim for negligent infliction of emotional distress under Illinois law. In affirming the district court, we expressly do not reach the issue of whether a cause of action for negligent infliction of emotional

---

1. The district court's memorandum opinion clearly states that it granted the defendant's motion to dismiss for failure to state a claim (Rule 12(b)(6)), or alternatively, for judgment on the pleadings (Rule 12(c)). District Court's Memorandum Opinion, Rec. 45, at 6. In its judgment order, however, the district court indicated that it dismissed the case solely for failing to state a claim pursuant to Rule 12(b)(6). *See* District Court's Judgment Order, Rec. 47. We consider the dismissal of the appellant's complaint to be pursuant to Rule 12(b)(6), or alternatively, pursuant to Rule 12(c).

distress, unaccompanied by physical contact or the threat of physical contact, is cognizable under FELA.

## I

■ In ruling on the appellee's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), or alternatively, for judgment on the pleadings pursuant to Rule 12(c), the district court was required to accept as true all facts alleged in the appellant's second amended complaint and to draw all reasonable inferences from the pleadings in favor of the appellant. *See Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir.1986); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir.1983); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."). Therefore, we set forth the facts of this case as they are alleged in the appellant's second amended complaint.

The appellant, Richard L. Gillman, was employed as a foreman by the appellee, Burlington Northern Railroad Company ("Burlington Northern"). On May 13, 1983, the appellant was performing maintenance work on the appellee's tracks in its yard in Chicago, Illinois. While Gillman was involved in lifting a rail, switching operations were taking place at an adjacent track. A piece of rail which was being lifted accidentally hit some railroad cars that were being switched on the adjacent track. Unexpectedly, the crane operator dropped the piece of rail. The rail hit one of Gillman's co-workers and started to drag him under the train.

The appellant apparently was not aware of the accident when it happened. Upon hearing his co-worker scream, however, Gillman went to the place of the accident. When Gillman realized that he could not free his co-worker from the rail, he ran around the front of the train in order to stop it before his co-worker was killed.

His rescue attempts failed. Although Gillman's co-worker was fatally injured in this accident, Gillman was not physically contacted or hurt. As a result of the accident, however, Gillman claims that he suffered shock to his nervous system and severe emotional distress. On May 15, 1986, Gillman sued Burlington Northern for negligent infliction of emotional distress.

## II

The appellant brought this action under FELA. This act provides that

[e]very common carrier by railroad while engaging in commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... [when] such injury or death result[s] in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in it cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. Although FELA allows an injured railroad employee to recover for injuries caused in whole or in part by the railroad's negligence, the act does not define negligence or delineate what type of negligent acts are redressable. *See Urie v. Thompson*, 337 U.S. 163, 174, 69 S.Ct. 1018, 1027, 93 L.Ed. 1282 (1949). It is well settled, however, that "[w]hat constitutes negligence for the statute's purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws...." *Id.; see also Dice v. Akron, Canton & Youngstown R.R.*, 342 U.S. 359, 361, 72 S.Ct. 312, 314, 96 L.Ed. 398 (1952) (noting that FELA presents issues of federal, not state, law); *Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572 (1947) ("Whether [FELA's] standards are satisfied is a federal question, the rights created being federal rights.").

The district court, after finding that an action for negligent infliction of emotional

distress is cognizable under FELA,[2] properly ruled that the appellant's complaint stated an issue of federal law. *See* District Court's Memorandum Opinion, Rec. 24, at 7. Because of the lack of federal common law on negligent infliction of emotional distress, however, the district court decided to apply Illinois law. *See id.* at 7–8. The court then dismissed the complaint for failure to state a claim, or alternatively, entered judgment on the pleadings in favor of Burlington Northern. District Court's Memorandum Opinion, Rec. 45, at 6.

The appellant does not argue that the district court erred in applying Illinois law and that is not an issue in this appeal. Rather, Gillman asserts that under Illinois law, his second amended complaint adequately states a claim for negligent infliction of emotional distress.

Traditionally, the Illinois courts required a bystander to suffer contemporaneous physical injury or impact from a defendant's negligent act in order to recover for emotional distress. *See, e.g., Carlinville Nat'l Bank v. Rhoads,* 63 Ill.App.3d 502, 20 Ill.Dec. 386, 380 N.E.2d 63, 65 (1978); *Kaiserman v. Bright,* 61 Ill.App.3d 67, 18 Ill.Dec. 108, 111, 377 N.E.2d 261, 264 (1978). In *Rickey v. Chicago Transit Authority,* 98 Ill.2d 546, 75 Ill.Dec. 211, 457 N.E.2d 1 (1983), however, the Illinois Supreme Court adopted the zone of physical danger rule as the standard to be applied when a bystander seeks to recover for negligent infliction of emotional distress.

> Basically, under [this standard] a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander

suffer a physical impact or injury at the time of the negligent act, but it does require that he must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact. The bystander, as stated, must show physical injury or illness as a result of the emotional distress caused by the defendant's negligence.

*Id.,* 75 Ill.Dec. at 215, 457 N.E.2d at 5; *see also Siemieniec v. Lutheran Gen. Hosp.,* 117 Ill.2d 230, 111 Ill.Dec. 302, 318, 512 N.E.2d 691, 707 (1987) (affirming the use of the *Rickey* standard). Although the adoption of the *Rickey* test was an expansion of negligent infliction of emotional distress law, the Illinois courts have strictly construed *Rickey.* *See Courtney v. St. Joseph Hosp.,* 149 Ill.App.3d 397, 102 Ill.Dec. 810, 812–13, 500 N.E.2d 703, 705–06 (1986) ("[T]rial courts have been cautioned to limit claims of negligent infliction of emotional distress to those that closely adhere to the rule enunciated in *Rickey.*"), *appeal denied,* 114 Ill.2d 544, 108 Ill.Dec. 415, 508 N.E.2d 726 (1987); *Johnston v. St. Anne's Hosp. W., Inc.,* 146 Ill.App.3d 763, 100 Ill. Dec. 430, 431, 497 N.E.2d 408, 409 (1986) ("[C]ases subsequent to *Rickey* have strictly construed that decision.").

A review of Illinois cases shows that the *Rickey* standard consists of three elements: (1) the plaintiff must have been in the zone of danger (high risk of physical impact from the defendant's negligent act); *see, e.g., Robbins v. Kass,* 163 Ill.App.3d 927, 114 Ill.Dec. 868, 871, 516 N.E.2d 1023, 1026 (1987), *appeal denied,* 119 Ill.2d 574, 119 Ill.Dec. 397, 522 N.E.2d 1256 (1988); *Hammond v. Lane,* 162 Ill.App.3d 17, 113 Ill.Dec. 843, 845, 515 N.E.2d 828, 830 (1987); *Lewis v. Westinghouse Elec. Corp.,* 139 Ill.App.3d 634, 94 Ill.Dec. 194, 195, 487

---

2. Whether an action for negligent infliction of emotional distress, unaccompanied by physical contact or the threat of physical contact, is cognizable under FELA is one of the two issues on appeal. This Circuit's opinions in *Lancaster v. Norfolk & Western Railway,* 773 F.2d 807, 813 (7th Cir.1985), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987) and *Hammond v. Terminal Railroad Association,* 848 F.2d 95, 96 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109

S.Ct. 1170, 103 L.Ed.2d 229 (1989), ruling that FELA does not create a cause of action for tortious harms brought about by acts which lack physical contact or the threat of physical contact, suggest that the appellant's action for negligent infliction of emotional distress may not be cognizable under FELA because he has failed to clearly allege in his complaint physical contact or the threat of physical contact.

N.E.2d 1071, 1072 (1985); (2) the plaintiff must have felt contemporaneous fear for his safety; *see, e.g., Hammond,* 113 Ill. Dec. at 845, 515 N.E.2d at 830; *Alexander v. DePaepe,* 148 Ill.App.3d 831, 102 Ill.Dec. 285, 288, 499 N.E.2d 1065, 1068 (1986); *Gihring v. Butcher,* 138 Ill.App.3d 976, 93 Ill.Dec. 631, 633, 487 N.E.2d 75, 77 (1985); and (3) the plaintiff must show some sign of physical injury or illness as a result of his emotional distress; *see, e.g., Robbins,* 114 Ill.Dec. at 872, 516 N.E.2d at 1027; *Courtney,* 102 Ill.Dec. at 813, 500 N.E.2d at 706. If a plaintiff fails to allege even one of the three elements, then he has failed to allege a cause of action for negligent infliction of emotional distress under Illinois law, and his complaint should be dismissed.

Against this backdrop of Illinois law, we must now examine Gillman's second amended complaint to see if his allegations are sufficient under the *Rickey* standard. In his second amended complaint, Gillman alleges:

> At the time of this incident, plaintiff was involved with lifting a rail in the performance of track maintenance while switching operations were going on at an adjacent track. The piece of rail being lifted came into contact with cars which were being moved on the adjacent track. This piece of rail was then dropped by the crane operator. Immediately plaintiff heard a scream and saw that one of his co-workers was caught by this piece of rail and was being moved beneath the train engaged in swithing [sic] operatoins [sic]. Plaintiff ran to his co-worker, and at great peril to plaintiff attempted to aid his co-worker. When he saw he could not free his co-worker from the rail and the train cars, he ran around in front of the locomotive in an attempt to stop it before his co-worker could be dragged further down the track. Had plaintiff been able to secure a hold of his co-worker's hand, in all likelihood he would have also died in this incident.

Plaintiff's Second Amended Complaint, Rec. 40, ¶ 4, at 2–3. An examination of the allegations that Gillman has made in his second amended complaint shows that his complaint fails to meet the *Rickey* standard.

■ The appellant's second amended complaint fails to allege that Gillman felt any contemporaneous fear for his safety. Indeed, the complaint is void of any allegation as to Gillman's state of mind. His complaint alleges that he heard a scream and he noticed that one of his co-workers was caught by a piece of rail. Based on this allegation, Gillman could not have felt fear for his own safety because he apparently was not even aware of the accident at the time that it occurred. Notably absent from his complaint is any allegation stating that he was afraid the falling rail might hit him, or that he even saw the rail fall.

On more than one occasion, Illinois courts have dismissed actions for negligent infliction of emotional distress because the complaint failed to allege that the plaintiff felt fear for his own safety. For example, in *Alexander* the plaintiff was a passenger in a car driven by her fiance when the car collided with the defendant's automobile. Under count II of her complaint, the plaintiff sued the defendant for negligent infliction of emotional distress which resulted from "witnessing the fatal injuries to her fiance in the collision." *Alexander,* 102 Ill.Dec. at 286, 499 N.E.2d at 1066. The Illinois Appellate Court, in affirming the dismissal of count II of her complaint, noted: "It is abundantly clear that *Rickey* does not support a cause of action for negligent infliction of emotional distress based only on witnessing injury to a direct victim. The bystander's action arises only when he shows that his emotional distress arose from fear for his own well-being." *Id.,* 102 Ill.Dec. at 288, 499 N.E.2d at 1068.

Additionally, in *Hammond* the plaintiff sued her doctor and his clinic for negligent infliction of emotional distress which resulted from the doctor having sexual contact with her. The defendants moved to dismiss on the grounds that the complaint failed to allege the necessary elements under *Rickey.* Although the district court denied the motion, the Illinois appellate court reversed. "To plead successfully a cause of action for negligent infliction of

emotional distress, plaintiff must allege that defendant's negligence put her in reasonable fear for her own personal safety." *Hammond*, 113 Ill.Dec. at 844, 515 N.E.2d at 829; *see also Gihring*, 93 Ill.Dec. at 633, 487 N.E.2d at 77 ("*Rickey* requires that the plaintiff allege that the defendant's negligence put plaintiff in reasonable fear for his/her own personal safety to successfully plead a cause of action for negligent infliction of emotional distress.").

As these cases demonstrate, because Gillman's second amended complaint fails to allege that he felt fear for his own safety as a result of the accident, his complaint fails to state a claim for negligent infliction of emotional distress under the *Rickey* standard.[3] Therefore, we hold that under Illinois law as set forth in *Rickey*, the district court correctly ruled that Gillman's second amended complaint failed to state a claim for negligent infliction of emotional distress. Because we affirm the district court on this issue, it is not necessary for us to decide the other issue on appeal—whether an action for negligent infliction of emotional distress, unaccompanied by physical contact or the threat of physical contact, is cognizable under FELA.

### III

For all the foregoing reasons, the judgment of the district court is

AFFIRMED.

KANNE, Circuit Judge, concurring.

I concur in the result only. I, too, would affirm the district judge's dismissal of Gillman's complaint, but only on the grounds that no claim for relief for negligent inflic-

tion of emotional distress exists under FELA.

---

**3.** The district court, without making a specific ruling on the issue, apparently assumed that Gillman's second amended complaint adequately alleged that Gillman was in the zone of physical danger. This assumption may be predicated on the fact that in his first amended complaint, Gillman alleges that he was less than three feet away from the rail at the time of the accident. *See* Plaintiff's First Amended Complaint, Rec. 28, ¶ 4, at 2. Gillman's second amended complaint, however, dropped this language. It is not at all apparent from Gillman's second amended complaint that he was in the zone of physical danger. As the district court correctly noted, Gillman does not allege "that he was actually in any danger." District Court's Memorandum Opinion, Rec. 45, at 5. In any event, whether Gillman was in the zone of physical danger is not dispositive of this issue because he has failed to allege fear for his personal safety as required under the *Rickey* standard.