Ronald J. SEIS, Plaintiff,

v.

**CHICAGO & NORTHWESTERN TRANS-PORTATION COMPANY, a Delaware corporation, Defendant.**

No. 89–C–909.

United States District Court, E.D. Wisconsin.

May 7, 1990.

Yeager & Yeager by Louis Jungbauer, Minneapolis, Minn., for plaintiff.

Borgelt, Powell, Peterson & Frauen by Brian D. Baird, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff seeks redress under the Federal Employers' Liability Act, (FELA),

45 U.S.C. § 51 et seq. for the emotional injuries he sustained as a result of the alleged negligence of his employer. The defendant, Chicago & Northwestern Transportation Company, has moved for summary judgment on all of the plaintiff's claims; the motion will be granted on the claims of intentional and negligent infliction of emotional distress and denied as to the remaining claims.

The undisputed facts are that the plaintiff worked as a fireman and engineer during his 28 year tenure with the defendant railroad. On August 6, 1986, the plaintiff was working on a train as a fireman when the train fatally struck a motorcyclist at a railroad crossing on the left side of the train. The plaintiff, a number of rail cars away from the collision and on the opposite side of the train, did not see the victim before or during the accident and did not hear or feel the impact between the cyclist and the train. The plaintiff did not suffer bodily injury nor was he in danger of sustaining a bodily injury.

However, sometime after the accident, the plaintiff allegedly began to suffer from emotional distress which manifested itself in the form of, *inter alia,* anxiety attacks, depression, loss of memory, loss of strength and fearfulness. By December, 1987, the plaintiff felt he could no longer do his job because of the emotional distress; his employment was terminated on December 31, 1987. The plaintiff has undergone various treatments for his distress, but the emotional problems continue to occur.

The plaintiff alleges that his emotional distress was caused when (1) the defendant negligently collided with the motorcyclist; (2) the defendant intentionally ordered the plaintiff to misstate facts on the accident report; and (3) the defendant negligently ordered the plaintiff to misstate facts on the accident report. The plaintiff further alleges that his emotional distress was aggravated when the defendant negligently failed to diagnose and to treat the plaintiff for emotional distress and negligently assigned the plaintiff to work for which he was not reasonably suited.

Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. In support of its motion for summary judgment, the defendant asserts that the plaintiff does not have a cause of action under FELA for either the intentional or negligent infliction of emotional distress because he cannot show that his emotional injuries were the result of physical contact or the threat of physical contact. The plaintiff rejoins that he need only prove that his injuries were the result of, in whole or in part, the defendant's negligence.

Summary judgment is clearly appropriate on plaintiff's claim for intentional infliction of emotional distress. In *Lancaster v. Norfolk & Western Railway,* 773 F.2d 807, 813 (7th Cir.1985), the plaintiff alleged that his two supervisors intentionally inflicted emotional distress upon the plaintiff by physically assaulting him. The court of appeals for the seventh circuit, after recognizing that the FELA has been applied to intentional torts, held that "the FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact." The court of appeals also concluded that a "FELA plaintiff may prevail in an intentional tort case by showing either that the intentional tort was committed in furtherance of the employer's objectives or that the employer was negligent in hiring, supervising, or failing to fire the employee." *Id.* at 818.

■ In the case at bar, the plaintiff alleges that the defendant intentionally inflicted emotional distress on him by "order[ing] the plaintiff to misstate state facts on plaintiff's personal injury report form ..." Complaint at p. 3. The record is wholly devoid of any indication that the plaintiff was threatened, coerced or physically touched during the time period in which he filled out the accident report.

Accordingly, his claim for intentional infliction of emotional distress must fall.

The court of appeals for the seventh circuit has not directly decided "whether an action for negligent infliction of emotional distress, unaccompanied by physical contact or the threat of physical contact, is cognizable under FELA." *Gillman v. Burlington Northern Railroad Co.,* 878 F.2d 1020, 1025 (7th Cir.1989) (specifically reserving the issue). The district court in *Gillman,* Chief Judge Grady presiding, found that a claim of negligent infliction of emotional distress could be actionable under the FELA provided that the "zone of physical danger" standard is met. *Gillman v. Burlington Northern Railroad Co.,* 673 F.Supp. 913, 917 (N.D.Ill.1987). Recognizing that the issue of defining negligence under FELA was a matter of federal common law, *see Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), Chief Judge Grady looked to the test defined by the Illinois Supreme Court because of the "paucity of federal law on the novel question presented ..." *Gillman,* 673 F.Supp. at 916. The zone of physical danger rule is as follows:

> Basically, under [this standard] a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress. This rule does not require that the bystander suffer a physical impact or injury at the time of the negligent act, but it does require that he must have been in such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact.

*Gillman v. Burlington Northern Railroad Co.,* 878 F.2d 1020, 1023 (7th Cir.1989) *quoting, Rickey v. Chicago Transit Authority,* 98 Ill.2d 546, 75 Ill.Dec. 211, 457 N.E.2d 1 (1983).

 I agree with the Gilman analysis and conclusion. Under the FELA, recovery for the negligent infliction of emotional distress should be limited to those situations in which the plaintiff was physically at risk and had a reasonable fear for his safety because of the defendant's negligence. This test, which requires a showing of a threat to the physical safety of the plaintiff, is entirely consistent with the precedent announced by the court of appeals for the seventh circuit in *Lancaster.* Since the facts, in the instant case, establish that the plaintiff's personal safety was not at risk due to the negligence of the defendant, summary judgment in favor of the defendant is warranted on the plaintiff's claim of negligent infliction of emotional distress.

Two seemingly lesser claims remain: the plaintiff charges that the defendant violated its duty "to diagnose and/or treat plaintiff for his emotional distress directly caused by the accident" and that the "defendant negligently assigned him to work which aggravated his emotional problems when the defendant knew or should have known of the plaintiff's condition ..." Complaint at p. 3. Although the defendant seeks summary judgment on these claims as well as the claims for emotional distress, the defendant has failed to present adequately the factual and legal basis for summary judgment on these claims; summary judgment will be denied as to such claims.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted in part and denied in part.