**Daniel E. HEFFERNAN, Plaintiff,**

**v.**

**PACIFIC DUNLOP GNB CORPORA-TION and GNB Incorporated, Defendants.**

**No. 91 C 2494.**

United States District Court, N.D. Illinois, E.D.

June 28, 1991.

Derke Price, Chicago, Ill., for plaintiff.

Andrew Spiropoulos, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

In this diversity action, plaintiff Daniel E. Heffernan seeks indemnification from defendants Pacific Dunlop GNB Corporation ("Pacific") and GNB Incorporated ("GNB") for expenses Heffernan incurred in defending a lawsuit. Both defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

On a motion to dismiss, the court accepts as true the well-pleaded factual allegations of the complaint and views those allegations in the light most favorable to the plaintiff. *Gillman v. Burlington Northern R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Heffernan, a New York resident, was at all relevant times vice president of Allen & Company, Incorporated ("Allen & Co."). Complaint ¶ 1. In March 1984, Heffernan, along with Allen & Co. and others, participated in a leveraged buyout of GNB, which is a Delaware corporation with its principal place of business in Minnesota. *Id.* ¶¶ 3, 6. Heffernan served as a director of GNB from 1984 until October 1987. In March 1987, a company called GNB Holdings, Inc. ("GNB Holdings") was formed and immediately became the sole shareholder of GNB's stock. *Id.* ¶ 7. From March until October 1987, Heffernan served on GNB Holdings' board of directors, and owned approximately 6.7% of the common stock. *Id.* In October 1987, Heffernan sold his GNB Holdings stock to a company called Pacific Dunlop Holdings, Inc. ("Pacific Holdings"). *Id.* ¶ 11. At that time, GNB Holdings changed its name to Pacific. *Id.* ¶ 2. Pacific is a Delaware Corporation with its principal place of business in Minnesota. *Id.* ¶ 2.

On September 27, 1990, Pacific Holdings filed suit against Heffernan and Allen & Co. in the federal District Court for the Northern District of Illinois ("the underlying action"), charging Heffernan and Allen & Co. with violating section 12(2) of the Securities Act of 1933 and the Illinois securities laws. *Id.* ¶¶ 11–12. Pacific Holdings' complaint alleged that, in connection with the October 1987 sale of GNB Holdings stock, Heffernan and Allen & Co. failed to disclose to Pacific Holdings the existence of certain alleged environmental liabilities and other potential claims for which GNB and GNB Holdings may be liable. *Id.* ¶ 12. The underlying action was assigned to Judge Zagel.

On April 25, 1991, while the underlying action was pending, Heffernan filed this diversity action against Pacific and GNB, seeking indemnification of present and future expenses Heffernan had incurred and would continue to incur in defending the underlying action before Judge Zagel. On May 14, 1991, Pacific and GNB filed this motion to dismiss Heffernan's complaint on the grounds that (1) Heffernan is not entitled to indemnification under state law or under defendants' bylaws, and (2) his claim is preempted by federal law.[1]

## DISCUSSION

■ Generally, the federal system of notice pleading does not favor dismissal for failure to state a claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir.1988). However, dismissal is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to the relief requested. *Illinois Health Care Ass'n v. Illinois Dep't of Public Health*, 879 F.2d 286, 288 (7th Cir.1989), citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

In Counts I and II, Heffernan alleges that he is entitled to advance indemnification payments from GNB and Pacific to cover Heffernan's expenses in defending the underlying action. During the time that Heffernan served as a director for GNB Holdings (renamed Pacific), section 6.04(A) of the company's bylaws provided that:

> Expenses reasonably incurred by or on behalf of [a director] in connection with any action, ... including, without limita-

---

1. Heffernan's response to the motion to dismiss states that on May 15, 1991, Judge Zagel dismissed the underlying action's federal securities fraud claim against Heffernan and Allen & Co. under Fed.R.Civ.P. 12(b)(6), and dismissed the pendent state claim for lack of subject matter jurisdiction. Heffernan attached to his brief a copy of Judge Zagel's memorandum opinion and order dismissing the underlying action.

However, in considering the sufficiency of Heffernan's complaint on a motion to dismiss, the court is limited to the allegations in the pleadings. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). "[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss." *Id.*

tion, securities law actions, shall be paid by the Corporation to the [director] ... *in advance of the final disposition or conclusion of such action* ... upon the receipt of the [director]'s written request therefor....

Ex. A at 20, attached to Complaint (emphasis added). The bylaws required anyone seeking advance payment under section 6.04 to agree to repay any advances in the event it is ultimately determined that the executive is not entitled to indemnification. *Id.* Heffernan alleges that he notified Pacific of his claim for indemnification and that he requested an advance payment of $250,000 for legal fees and expenses in connection with the underlying action. Complaint ¶ 15. Heffernan also alleges that he promised to repay the advance if his indemnification claim was later deemed meritless. *Id.* As to Counts I and II, Heffernan seeks an order directing defendants "to immediately pay to Heffernan the advances requested." *Id.* at p. 9.

In Counts III and IV, Heffernan charges Pacific and GNB, respectively, with wrongfully refusing to indemnify Heffernan for all expenses he incurred in defending the underlying action. Heffernan claims he is entitled to indemnification under the bylaws of both corporations, and under Delaware law. At the time Heffernan was a director of GNB Holdings (renamed Pacific), section 6.01(A) of the corporation's bylaws provided:

> the Corporation shall, to the fullest extent permitted by the Delaware General Corporation Law as it may then be in effect, indemnify and hold harmless any person who is or was a party, or is threatened to be made a party, to any ... action ... *by reason of his status as* ... *a director or officer* ... *and as to acts performed in the course of the executive's duty to the Corporation....*

Ex. A at 14–15, attached to Complaint (emphasis added). In addition, GNB's bylaws

stated that "[t]he corporation shall indemnify its officers, directors, employees and agents to the extent permitted by the law of Delaware." Ex. B at 23, attached to Complaint.

■ Delaware statutory law provides for indemnification of corporate officers and directors under certain circumstances. Section 145(a) of the indemnification statute provides:

> A corporation *may* indemnify any person who was or is a party ... to any ... action ... *by reason of the fact that he is or was a director, officer, employee or agent of the corporation* ... against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action ... if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation....

8 Del.C. § 145(a) (emphasis added). Thus, section 145(a) permits, but does not require, a corporation to indemnify a director sued because of his position. Section 145(c) provides for mandatory indemnification of a director's legal expenses where the director has been successful in the underlying action.[2] Of course, a director who has successfully defended charges in a prior action is not entitled to indemnification unless "the prior proceeding arose by reason of the fact that he is or was a director, officer, or employee of the corporation." *Green v. Westcap Corporation,* 492 A.2d 260, 265 (Del.Super.Ct.1985).

Thus, both Delaware law and the bylaws of GNB and GNB Holdings allow indemnification of a director only if the director is sued because of his position with the corporation. Defendants contend that Heffernan is not entitled to indemnification or advance payment of expenses because the underlying action did not arise by reason of

---

**2.** Section 145(c) states:

To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b) of this section, or in

defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.
8 Del.C. § 145(c).

Heffernan's status as a director of either GNB or GNB Holdings. The court agrees.

In order to determine whether Heffernan was sued in his capacity as a director, the court must review the allegations in the underlying action's complaint. *Mooney v. Willys–Overland Motors, Inc.*, 204 F.2d 888, 896 (3d Cir.1953). In the underlying action, Heffernan was sued under section 12(2) of the 1933 Securities Act because he allegedly made material misrepresentations and omissions in selling *his own* shares of GNB Holdings to Pacific Holdings. *See* underlying action Complaint ¶ 43, attached as Ex. C to Heffernan's Complaint. Heffernan contends that in order to obtain relief under section 12(2), Pacific Holdings must show that Heffernan knew or should have known that his statements were false or misleading. In this regard, Heffernan argues that his status as a director of GNB Holdings is essential to the underlying cause of action under section 12(2), for as a director, Heffernan would have been exposed to inside information concerning GNB Holdings. However, the purchaser in a section 12(2) action need not prove scienter as part of its *prima facie* case. *Spatz v. Borenstein*, 513 F.Supp. 571, 577 (N.D.Ill.1981). Rather, a defendant may escape liability if he establishes *as a defense* that " 'in the exercise of reasonable care [he] could not have known' of the claimed untruth or omission." *Sanders v. John Nuveen & Co., Inc.*, 619 F.2d 1222, 1227 (7th Cir.1980), *cert. denied*, 450 U.S. 1005, 101 S.Ct. 1719, 68 L.Ed.2d 210 (1981). Thus, Heffernan's status as a director is not a necessary element of the section 12(2) claim in the underlying action, although it may be relevant to Heffernan's defense to that action.

The court's review of the underlying complaint indicates that Heffernan was sued for alleged wrongs he committed as an individual, not as a director. Significantly, although Pacific Holdings purchased a total of 60% of GNB's stock in the October 1987 transaction, the underlying action sued Heffernan to rescind his sale of only 6.7% of the company's outstanding shares. The nature of the underlying action and the relief sought indicate that Pacific Holdings sued Heffernan for misrepresentations and/or omissions Heffernan allegedly made on his own behalf in connection with the sale of his personal stock for his own personal gain, not because Heffernan was a director of GNB Holdings. Thus, Heffernan is not entitled to indemnification for his litigation expenses. *See Spring v. Moncrieff*, 10 Misc.2d 731, 173 N.Y.S.2d 86, 88 (Sup.Ct.1958) (indemnification inappropriate where "liability was sought to be imposed on [director] as an individual and by virtue of his participation in [a] transaction as an individual").

The court's conclusion that Heffernan was not sued because of his status as a director precludes Heffernan from seeking indemnification under Delaware law or under corporate bylaws. In light of this determination, the court need not consider whether Heffernan's claim is preempted by federal law.

## CONCLUSION

The motion of defendants Pacific Dunlop GNB Corporation and GNB Incorporated to dismiss the complaint is granted. This action is dismissed with prejudice.