**Daniel S. LYNE, Trustee for Paul Maton, P.C., et al., Plaintiffs,**

v.

**ARTHUR ANDERSEN & CO., et al., Defendants.**

**No. 91 C 1885.**

United States District Court, N.D. Illinois, E.D.

Sept. 4, 1991.

Charles W. Barkley, Charlotte, N.C., and Paul J. Maton, Chicago, Ill., for plaintiffs.

Robert F. Forrer, Quinton F. Seamons, Keith J. Shuttleworth, Burke, Wilson & McIlvaine, Chicago, Ill., for Arthur Andersen & Co.

Robert A. Holstein, Thayer C. Torgerson, Holstein, Mack & Klein, James E. Bowser, Steve B. Zaboji, Needle in a Haystack, Inc. and George J. Myrick, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

This purported class action [1] filed on behalf of a pension trust and ten individuals (collectively, "plaintiffs") charges the following defendants with violating the Securities Act of 1933: Needle in a Haystack, Inc. ("Needle"), Arthur Andersen & Co. ("Arthur Andersen"), James E. Bowser, Steve B. Zaboji, and George J. Myrick. The amended complaint also charges Nee-

---

1. The amended complaint asserts claims on behalf of a class of all purchasers of the securities at issue. However, plaintiffs have not filed a motion for class certification under Fed.R.Civ.P. 23.

dle and Arthur Andersen with violating the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Consumer Fraud Act"), Ill.Rev.Stat. ch. 121½, ¶¶ 261–272. Pursuant to Fed.R.Civ.P. 12(b)(6), Arthur Andersen moves to dismiss the charges against it for failure to state a claim. In the alternative, Arthur Andersen requests that the court to order plaintiffs to post a bond in an amount sufficient to cover Arthur Andersen's litigation costs and reasonable attorneys' fees.

## BACKGROUND

On a motion to dismiss, the court accepts as true the well-pleaded factual allegations of the complaint and views those allegations in the light most favorable to the plaintiff. *Gillman v. Burlington Northern R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). From December 21, 1989 through March 1990, Needle's underwriter solicited plaintiffs to purchase Needle's securities. Amended Complaint ¶ XIII. In connection with this solicitation, plaintiffs received Needle's offering prospectus dated December 21, 1989. *Id.* ¶ VII. The prospectus offered forty thousand units at a price of $6 per unit. Each unit consisted of three shares of common stock and twenty stock warrants. *Id.* ¶ VIII. Plaintiffs purchased a total of 21,567 units at a price of $129,-402.00. *Id.* ¶ XI.

Prior to plaintiffs' investment, Needle filed a Form S–18 registration statement with the Securities and Exchange Commission ("SEC"). *Id.* ¶ VII. The registration statement represented, *inter alia*, that Arthur Andersen had prepared Needle's audited financial statement, and that Arthur Andersen was an independent accounting firm. *Id.* ¶ IX.

Plaintiffs maintain that Needle's prospectus and registration statement were materially misleading because Arthur Andersen did not render an independent and disinterested audit of Needle's financial statements. According to plaintiffs, Arthur Andersen originally refused to audit Needle's financial statements for the 1989 securities offering, because Needle owed Arthur Andersen approximately $37,500 in fees for prior accounting services. *Id.* ¶ XVI. Arthur Andersen told Needle that this outstanding debt rendered Arthur Andersen non-independent with respect to Needle's audit. *Id.* ¶ XVII. Needle and Arthur Andersen subsequently agreed that Needle would satisfy the $37,500 debt by paying Arthur Andersen $7,500 in cash, and executing a $30,000 promissory note to be paid from the proceeds of the securities offering. *Id.* ¶ XVIII. The registration statement failed to disclose that part of the proceeds from the offering would be used to satisfy Needle's debt to Arthur Andersen. Thus, the registration statement's representation of Arthur Andersen's independence was false. *Id.* ¶ XX.

On April 9, Needle was contacted by certain Arthur Andersen representatives who had not previously been involved in the Needle offering. *Id.* ¶ XXII. These Arthur Andersen representatives had discovered that Arthur Andersen had not been an independent auditor with respect to Needle's financial statements. Upon making this discovery, Arthur Andersen notified the SEC that it had not conducted an independent audit of Needle's financial statements. *Id.* ¶ XXII. On April 12, 1990, representatives of Arthur Andersen and Needle met with officials from the SEC and disclosed the substance of the alleged misrepresentations in the registration statement. *Id.* ¶ XXIII. As a result of the meeting, the SEC agreed to take no action against Needle or Arthur Andersen, but Needle was forced to terminate its offering. Needle also agreed to terminate trading in Needle's securities. *Id.* ¶ XXIV. Needle intends to refile an entirely new registration statement; Arthur Andersen has agreed to procure and pay for a new audit from an independent auditor. *Id.*

As a consequence of the foregoing events, plaintiffs were unable to sell, trade or exercise the warrants on the securities they purchased from Needle; the securities are now worthless. *Id.* ¶¶ XXV–XXVI.

## DISCUSSION

■ Generally, the federal system of notice pleading does not favor dismissal for

failure to state a claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir.1988). However, dismissal is proper if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim that would entitle them to the relief requested. *Illinois Health Care Ass'n v. Illinois Dep't of Public Health*, 879 F.2d 286, 288 (7th Cir.1989), citing *Conley v. Gibson*, 355 U.S. 41,. 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Similarly, dismissal is in order if the complaint fails to allege a necessary element required to obtain relief. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

### I. Section 11 of the 1933 Securities Act

■ Count I of the amended complaint charges Arthur Andersen with violating section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. Section 11 imposes liability on accountants who prepare or certify a registration statement if:

> ... any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading....

15 U.S.C. § 77k. Arthur Andersen contends that Count I is deficient because it fails to allege loss causation. The loss causation element of a securities fraud claim merely requires plaintiffs to show that their damage directly resulted from the defendants' wrongdoing. *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 685 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2590, 110 L.Ed.2d 270 (1990); *In re Fortune Systems Securities Litigation,* 680 F.Supp. 1360, 1365 (N.D.Cal.1987). Unlike the pleading requirements for other securities fraud claims, loss causation is not a necessary element of a *prima facie* section 11 cause of action. Instead, section

11(e) specifically provides that failure to show causation is a *defense* to a section 11 claim. 15 U.S.C. § 77k(e).[2] *See also Bastian,* 892 F.2d at 685 ("in actions under section 11 of the 1933 Act ... absence of loss causation is an explicit defense"). Thus, once plaintiffs allege material misrepresentations or omissions in the registration statement, "causation is presumed and the burden is then on defendants to show that 'factors other than' the omissions [or misrepresentations] caused the decline in the value of the stock for which plaintiffs seek to recover." *In re Fortune Systems,* 680 F.Supp. at 1364. *Accord, Billet v. Storage Tech. Corp.,* 72 F.R.D. 583, 586 n. 6 (S.D.N.Y.1976) (section 11 is "express liability" section and thus causation need not be alleged); *Emmi v. First Manufacturers Nat'l Bank,* 336 F.Supp. 629, 635 (D.Me.1971) ("neither reliance ... nor causation of damage need be shown by plaintiff in order to establish a cause of action [under section 11]").

In short, plaintiffs need not allege loss causation in order to state a claim under section 11. All that is required at the pleading stage is allegations of material misrepresentations or omissions in the registration statement. In resolving defendant's motion to dismiss the original complaint, this court previously determined that plaintiffs' allegations of material misrepresentations were sufficient to state a claim under section 11. *See* July 5, 1991 Mem.Op. and Order at 10, 11, 1991 WL 131184. The same determination applies to the section 11 claim in the amended complaint. Thus, Arthur Andersen's motion to dismiss Count I for failure to allege loss causation is denied.

### II. The Consumer Fraud Act

■ Count III of the amended complaint charges Arthur Andersen and Needle with violating the Consumer Fraud Act. The purpose of the Consumer Fraud Act is

**2.** Section 11(e) states, in relevant part, that: if the *defendant proves* that any portion or all of [the] damages represents other than the depreciation in value of such security resulting from such part of the registration statement, with respect to which his liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading, such portion of or all such damages shall not be recoverable. 15 U.S.C. § 77k(e) (emphasis added).

to protect consumers, borrowers and businessmen against fraud and unfair or deceptive acts or practices in the conduct of any trade or commerce. *Guess v. Brophy*, 164 Ill.App.3d 75, 115 Ill.Dec. 282, 284, 517 N.E.2d 693, 695 (1987), *appeal denied*, 121 Ill.2d 569, 122 Ill.Dec. 437, 526 N.E.2d 830 (1988); *Feldstein v. Guinan*, 148 Ill.App.3d 610, 101 Ill.Dec. 947, 950, 499 N.E.2d 535, 538 (1986). "Trade and commerce" are defined to include the sale of services and property, tangible or intangible, or any article or thing of value. Ill.Rev.Stat. ch. 121½, ¶ 261(f). A "consumer" is a person who purchases merchandise in the ordinary course of business. *Id.* ¶ 261(e). "Merchandise" includes any objects, goods, commodities, intangibles, certain real estate, or services. *Id.* ¶ 261(b). Securities transactions are subject to the Consumer Fraud Act. *Wislow v. Wong*, 713 F.Supp. 1103, 1107 (N.D.Ill.1989).

■ Arthur Andersen contends that the Consumer Fraud Act does not apply to the registration statement's alleged misrepresentation regarding Arthur Andersen's independence in preparing Needle's financial statements. Arthur Andersen advances two arguments in support of this position. First, Arthur Andersen asserts that plaintiffs are not "consumers" within the meaning of the act, because they did not purchase any "merchandise" from Arthur Andersen. However, in preparing Needle's financial statements, Arthur Andersen provided accounting services for Needle's securities offering. These services qualify as "merchandise" under the Consumer Fraud Act. Although plaintiffs did not purchase Arthur Andersen's services directly, "nothing in the Act requires the consumer to have purchased directly from the defendant." *Impex Shrimp & Fish Co. v. Aetna Casualty and Surety Co.*, 686 F.Supp. 183, 187 (N.D.Ill.1985). In order to state a claim under the Consumer Fraud Act, plaintiffs need only allege that Arthur Andersen intended for plaintiffs to rely on the false statement that Arthur Andersen was an independent auditor, or that Arthur Andersen had a special reason to expect plaintiffs to rely on its statement. *Id.* Plaintiffs allege that they relied on Arthur An-

dersen's representations in purchasing Needle's securities. In addition, plaintiffs allege that Arthur Andersen's false representation in the registration statement caused their securities to become worthless. These allegations are sufficient to assert a claim against Arthur Andersen under the Consumer Fraud Act.

■ Arthur Andersen also claims that the Consumer Fraud Act does not apply to accountants who perform accounting services in connection with securities offerings. Arthur Andersen cites several cases holding that the Consumer Fraud Act does not apply to medical or legal services. *See Frahm v. Urkovich*, 113 Ill.App.3d 580, 69 Ill.Dec. 572, 576, 447 N.E.2d 1007, 1011 (1983) (the terms "trade or commerce" do not include the actual practice of law); *Guess*, 115 Ill.Dec. at 285, 517 N.E.2d at 696 (agreeing with the holding in *Frahm*); *Feldstein*, 101 Ill.Dec. at 950, 499 N.E.2d at 538 (practice of medicine does not fall within definition of "trade or commerce" under the Consumer Fraud Act). The medical and legal professions are afforded immunity from the Consumer Fraud Act primarily because, unlike other commercial services, medical and legal services are regulated by governmental bodies. *See Guess*, 115 Ill.Dec. at 285, 517 N.E.2d at 696 ("the legal profession is subject to a policing more stringent than that to which purveyors of most commercial services are subject"). Thus, the provisions of the Consumer Fraud Act were not intended to govern these professions. In the present case, Arthur Andersen has not shown that the accounting profession is subject to the same type of policing that would shield accountants from liability under the Consumer Fraud Act. Arthur Andersen's unsupported assertion that the accounting profession is subject to government regulation is not persuasive. Nor is there any indication that Illinois courts would consider accountants to be immune from the provisions of Consumer Fraud Act. In light of these considerations, the court concludes that accountants are subject to the Consumer Fraud Act.

### III. Posting a Bond

Pursuant to section 11(e) of the 1933 Securities Act, 15 U.S.C. § 77k(e), Arthur Andersen moves to require plaintiffs to post a bond in an amount sufficient to cover Arthur Andersen's litigation costs and attorneys' fees. Section 11(e) gives the district court discretion to require a party to post security to cover the costs and attorneys' fees of the opposing party. At the pleading stage, the court may require plaintiffs to post a bond if it appears likely that the court may eventually conclude that plaintiffs "commenced [their] suit in bad faith or that [their] claim borders on the frivolous." *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 22 (9th Cir.1981). Arthur Andersen has not demonstrated the likelihood of an eventual determination of bad faith or obvious lack of merit. Accordingly, the motion to require plaintiffs to post a bond is denied.

### CONCLUSION

Arthur Andersen's motion to dismiss Counts I and III of the amended complaint is denied. Arthur Andersen is directed to answer the amended complaint by September 17, 1991.

The motion to require plaintiffs to post a bond is denied.