■ DKS Associates et al., Appellants, v Tampa Pipeline Corporation, Respondent. [611 NYS2d 80] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly granted the motion of defendant for summary judgment dismissing the first cause of action of the complaint, which sought specific performance of the partnership agreement providing for the removal of defendant as general partner and the substitution of a new general partner. The record establishes that plaintiffs do not own 95% or more of the aggregate limited partners' interests, and therefore, they are not entitled to remove defendant as the general partner.

Supreme Court erred, however, in granting defendant's motion for summary judgment dismissing the second cause of action, which sought a declaratory judgment, rather than declaring the rights of the parties *(see, Pless v Town of Royalton,* 185 AD2d 659, 660, *affd* 81 NY2d 1047; *St. Lawrence Univ. v Trustees of Theol. School,* 20 NY2d 317, 325; *Kovaleski v Aetna Cas. & Sur. Co.,* 188 AD2d 1045). The judgment is modified, therefore, and judgment is granted declaring that (1) plaintiffs are not entitled to remove defendant as the general partner because they do not own the requisite 95% or more of the aggregate limited partners' interests, and (2) neither the partnership agreement nor the Partnership Law precludes defendant from voting its limited partnership units to prevent its removal as the general partner. In view of our determination, we do not address the remaining contentions advanced by the parties.

In all other respects, the judgment of Supreme Court is affirmed. (Appeal from Judgment of Supreme Court, Allegany County, Francis, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.