■ DKS Associates et al., Individually as Limited Partners of Tampa Pipeline Limited Partnership, and on Behalf of Tampa Pipeline Limited Partnership, Respondents, v Tampa Pipeline Corporation, Appellant. [629 NYS2d 892] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for fur-

ther proceedings in accordance with the following Memorandum: Supreme Court properly granted plaintiffs permission to serve an amended complaint. Contrary to the argument of defendant, Tampa Pipeline Corporation (TPC), the amendments do not raise issues that were previously determined by Supreme Court on TPC's motion for summary judgment or by this Court's prior determination of plaintiffs' appeal from Supreme Court's order granting TPC partial summary judgment dismissing the first and second causes of action in plaintiffs' original complaint *(see, DKS Assocs. v Tampa Pipeline Corp.,* 203 AD2d 963). With respect to the prior motion, Supreme Court and this Court reached only the issue whether TPC was prohibited by the Partnership Agreement or the Partnership Law from voting its limited partnership units to prevent its ouster as general partner. The propriety of the procedure whereby TPC acquired those limited partnership units was not before Supreme Court or this Court. Moreover, plaintiffs' counsel demonstrated sufficiently that he was authorized by plaintiffs to amend the complaint.

Pursuant to section 5.06 (c) of the Partnership Agreement, TPC is entitled to indemnification for its reasonable expenses, including attorneys' fees, incurred by it in successfully defending against the first and second causes of action in plaintiffs' original complaint *(see, Green v Westcap Corp.,* 492 A2d 260 [Del]; *Merritt-Chapman & Scott Corp. v Wolfson,* 321 A2d 138 [Del]). We conclude that there is no inconsistency between that provision of the Partnership Agreement and either Partnership Law § 115-c or § 121-1004. We remit the matter to Supreme Court to determine the amount of the reasonable expenses, including attorneys' fees, incurred by TPC in successfully defending against the first and second causes of action in plaintiffs' original complaint. We conclude that there is no merit to the contention of TPC that it was entitled to advancement of expenses to defend against plaintiffs' amended complaint. We decline to address the argument of TPC, made for the first time on appeal, that it is entitled to prejudgment interest on any indemnification award. (Appeal from Order of Supreme Court, Allegany County, Francis, J.—Amend Complaint.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.