**MERRITT–CHAPMAN & SCOTT CORPORATION, Plaintiff,**

v.

**Louis WOLFSON, Elkin Gerbert and Joseph Kosow, Defendants.**

Superior Court of Delaware, New Castle.

Feb. 27, 1970.

Richard F. Corroon and Michael D. Goldman, of Potter Anderson & Corroon, Wilmington, for plaintiff.

H. Albert Young and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendants.

STIFTEL, President Judge.

Merritt-Chapman & Scott Corporation seeks a declaratory judgment determining that the three defendants are not entitled to indemnification for legal fees under Delaware's indemnification statutes. Defendants filed a counterclaim for indemnification and both sides moved for summary judgment. The issue is whether or not the defendants are entitled to be indemnified by the plaintiff corporation for attorneys' fees and expenses incurred in the defense of a criminal action brought against them by virtue of their positions within the structure and operations of the plaintiff corporation.

The criminal action was brought in the Federal District Court for the Southern District of New York. Defendants Louis Wolfson and Elkin Gerbert were directors and managing officers of Merritt-Chapman & Scott Corporation during the time period pertinent to the criminal litigation. Defendant Joseph Kosow was neither a director nor officer of Merritt-Chapman & Scott but during the same period of time, was chairman of the board and president of Industrial Finance Corporation, a subsidiary of Merritt-Chapman & Scott, serving at the request of and pursuant to an

employment agreement with the parent corporation, entered into on July 26, 1962.

In August, 1966, a Federal Grand Jury in the Southern District of New York returned an indictment against these defendants, among others, in an action entitled United States of America v. Wolfson et al., No. 66 Cr.A. 832. The indictment contained five separate counts and at the conclusion of the criminal trial in 1968, defendant Wolfson was found guilty of Counts One, Three, Four and Five, defendant Gerbert was convicted under Counts One, Three, Four and Five, and defendant Kosow was found guilty under Count One. Defendants seek indemnity for expenses incurred in the defense of a portion of Count One of the indictment.

Count One charged the defendants with conspiracy. The specific acts charged in furtherance of that conspiracy were perjury, subornation of perjury, filing false statements with the SEC, obstruction of justice, and fraud upon the corporate shareholders in violation of SEC Rule 10b–5.* At the close of the government's case, the court removed the 10b–5 fraud element from Count One of the indictment. In dismissing this element of the conspiracy charge, the court made the following statement:

> "The conduct of the defendants in the context of a civil case could, arguably, come within the purview of the rule and the case law interpreting it. This is not, however, a civil case, and the standards applicable to penal statutes must apply". (Tr. 4637).

> "The underlying principle [to define a criminal standard] is that no person shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. Jordan v. DeGeorge, 341 U.S. 233 [71 S.Ct. 703, 95 L.Ed. 886], 1951. While the rule can be constitutionally applied in the criminal context to certain conduct, see United States v. Re, 336 F.2d 306, decided by the Second Circuit in 1964, the fact remains that in the context of the facts adduced in the government's case, the requirement of definiteness has not been fulfilled since it cannot be said that this rule provides *a person of ordinary intelligence* with fair notice that his contemplated conduct, that is, the conduct delineated by the government's evidence, was forbidden by its terms. See United States v. Harriss, 347 U.S. 612, 1964 [74 S.Ct. 808, 98 L.Ed. 989]." (Emphasis supplied). (Tr. 4641).

The jury returned verdicts of guilty on all counts, as charged, including the Count One conspiracy charge, although the fraud part (10b–5) of the conspiracy count was dismissed, and each defendant was sentenced under Count One to a term in prison and a $10,000 fine.

The indemnification statute upon which defendants rely is 8 Del.C. § 145(c), as follows:

> "(c) To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections

---

* SEC Rule 10b–5 is as follows:

"Employment of manipulative and deceptive devices. It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

    (1) to employ any device, scheme, or artifice to defraud,

    (2) to make any untrue statement of a material fact or to omit to state a ma-

terial fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

(a) and (b), or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith."

Assuming, without deciding, that defendants are otherwise qualified under 8 Del.C. § 145, they will be entitled to indemnification for expenses incurred in their criminal defense only if and to the extent that this court determines that they were "successful on the merits or otherwise".

It is the position of the defendants that because the fraud portion of the conspiracy count was removed at the close of the government's case, such removal constituted a success on the merits, and to the extent that their defense involved this portion of Count One of the indictment, they are entitled to reimbursement for legal expenses attributable to this part of the defense. There is no dispute as to the reasonableness of the amount of the expenses sought to be recovered. Defendants argue that criminal fraud was the essence of the government's case against them and that when the conspiracy objective to violate SEC Rule 10b–5 was removed, the major portion of the case was dismissed, *ergo* successfully defended "on the merits or otherwise". I find this argument unacceptable.

Count One of the Criminal indictment did not charge any of the defendants with criminal fraud. They were charged with conspiracy. One of several objectives of the conspiracy was to violate Rule 10b–5, a regulation designed to protect the investing public from fraud. Defendants were convicted under Count One of *conspiracy*, although the alleged violations of Rule 10b–5 were removed from the count. In dismissing the 10b–5 charge, the court made the following observation:

"The dismissal of this *part of the conspiracy* count does not, however, require the dismissal of the entire count. The count charges, in addition to a conspiracy to violate Rule 10b–5, that the defendants conspired to obstruct justice, 18 U.S.C. § 1621, and to suborn perjury, 18 U.S.C. § 1622. *The fact that one of the objects of the conspiracy is removed does not invalidate the entire conspiracy charge.*" (Emphasis added.) (Tr. 4642–43.)

Under Count One, the defendants were charged with conspiracy and they were found guilty of conspiracy. It is difficult to understand how they can claim "success on the merits or otherwise" after they were charged and convicted of Count One of the indictment.

■■ No common law right to indemnification existed. 40 Calif.L.Rev. 104 (1952). Indemnification statutes were enacted in Delaware, and elsewhere, to induce capable and responsible businessmen to accept positions in corporate management. See Mooney v. Willys-Overland Motors, Inc., 204 F.2d 888, 889 (3rd Cir., 1953). 8 Del.C. § 145 is a new statute, enacted to clarify its predecessor, 8 Del.C. § 122(10), and to give vindicated directors and others involved in corporate affairs a judicially enforcible right to indemnification.

■ It would be anomalous, indeed, and diametrically opposed to the spirit and purpose of the statute and sound public policy to extend the benefits of indemnification to these defendants under the facts and circumstances of this case. Accordingly, defendants' motion for summary judgment is denied. Plaintiff's motion is granted.

It is so ordered.