Joseph C. **GALDI** and **Rita D. Galdi,** a co-partnership trading as Norte & Co., Plaintiffs,

v.

**F. Steven BERG** et al., **Defendants.**

**Civ. A. No. 4180.**

United States District Court, D. Delaware.

June 5, 1973.

Irving Morris and Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, Del. and William Klein, II, of Austrian, Lance & Stewart, P. C., New York City, of counsel, for plaintiffs.

Jack B. Jacobs of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants Berg, Summers, Bissell, Lerner, Bean and Prifti.

David T. Dana, III of Richards, Layton & Finger, Wilmington, Del., and Andrew N. Grass, Jr., of Windels, Merritt & Ingraham, New York City, of counsel, for defendants Gray, Dillon and Davis.

David A. Drexler of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant Power.

Arthur G. Connolly, Jr. of Connolly, Bove & Lodge, Wilmington, Del., for Scotten, Dillon Co.

## OPINION

LATCHUM, District Judge.

The plaintiffs as stockholders of Scotten, Dillon Company ("Scotten")

brought this action on July 16, 1971 derivatively on Scotten's behalf and representatively on behalf of all other Scotten stockholders similarly situated. The named individuals were Steven Berg ("Berg"), Ernest Summers ("Summers"), George K. Bissell ("Bissell"), William Lerner ("Lerner"), S. Geyer Bean ("Bean"), William M. Prifti ("Prifti"), Harold Gray ("Gray"), Len J. Dillon ("Dillon"), Fred R. Davis ("Davis") and Ralph R. Power ("Power"), all of whom at one time or another served or purported to serve as officers and/or directors of Scotten.

The complaint consisted of seven counts. Count I against all the defendants, except Power, charged that the Scotten Proxy Statement for the March 31, 1971 annual meeting violated Section 14 of the Securities Exchange Act of 1934, as amended, (the "Act") because it contained false, deceptive and material misrepresentations and omissions. Count II charged Berg, Summers, Bissell, Lerner, Bean and Prifti with violations of Section 10(b) of the Act and Rule 10(b)(5) promulgated thereunder, in connection with the issuance in 1970 of Scotten common stock to Sovereign Securities Corporation ("Sovereign"), a corporation controlled by Berg, and in connection with the issuance of Scotten common stock to Berg in 1971. Count III, against all the defendants, except Power, attacked the Scotten Proxy Statement for the March 31, 1971 annual meeting with respect to the disclosure concerning the Scotten shares issued to Sovereign. Count IV, against all the defendants, except Power, challenged the 1969 transaction involving Berg's sale of 41,000 shares of Iroquois Industries, Inc. ("Iroquois") stock to Scotten, the 1970 rejection by Scotten's Board of Berg's offer to repurchase the Iroquois shares and the subsequent sale by Scotten of those shares at a substantial loss. Count IV also charged that the failure to disclose this information in the Proxy Statement for the 1971 annual meeting constituted a violation of Section 14(a) of the Act. Count V charged all the defendants, except Bean and Prifti, with negligence, and sought an accounting from them in connection with the Scotten tobacco inventory loss in 1970 amounting to approximately $936,000. Count VI attacked the Iroquois stock sale transaction and charged all the defendants, except Power, Bean and Prifti, with negligence at common law in connection therewith. Count VII sought restoration of the Scotten stock issued to Sovereign and Berg, and an accounting from Berg, Summers, Bissell, Lerner, Bean and Prifti for any losses sustained by the transaction.

Berg, Summers, Bissell, Lerner, Bean and Prifti moved for summary judgment of dismissal with prejudice of all counts except Count V, and moved for summary judgment of dismissal without prejudice for Count V. All parties served statements of positions and no one objected. However, Gray, Dillon, Davis and Power moved for indemnification under 8 Del. C. § 145. After hearing and fully considering the record, the statements of the parties and affidavits filed, the Court on May 30, 1972 entered an order which (1) dismissed Counts I, II, III, IV, VI and VII with prejudice, (2) dismissed Count V without prejudice, (3) allowed reasonable attorney fees and expenses to plaintiffs' counsel in the amount of $17,421.56 and (4) reserved jurisdiction to consider the motion of the defendants Gray, Dillon and Davis and the motion of Power for awards of indemnification.[1] This is the Court's opinion on the question of indemnification from Scotten.

I. *Motion For Indemnification By Gray, Dillon and Davis.*

Gray, Dillon and Davis, three directors of Scotten, were charged with wrongdoing in Counts I, III, IV, V and VI of the complaint. All of these counts

1. The hearing on the indemnification award was held on May 18, 1973 at the same time that the Court heard the motions for summary judgment of dismissal.

were dismissed with prejudice except for Count V which was dismissed without prejudice. In defending these charges, these defendants retained David T. Dana, III, Esquire of Wilmington and Andrew N. Grass, Jr., Esquire of New York City. The defendants actually incurred total attorneys' fees of $5,500.00 plus litigation expenses of $192.91 for a total of $5,692.91.[2] The defendants have moved for an indemnification award under 8 Del.C. § 145(c) in the amount of $5,692.91 as attorneys' fees and expenses actually and reasonably incurred by them in defense of this litigation. Scotten does not oppose indemnification of Gray, Dillon and Davis provided the fees and expenses awarded are reasonable in relation to the counts of the complaint on which they were successful.

At the hearing, the attorney for Berg, speaking for Berg as a stockholder, objected to the amount of the fees requested as too high based on the time devoted by counsel to this case. The affidavits submitted show that Mr. Dana expended 22.9 hours and Mr. Grass spent 39.2 hours. Berg's attorney contends that these charges compute out to an hourly rate for Mr. Dana of approximately $75. and for Mr. Grass of approximately $97. or a combined hourly rate of about $90. If time expended were the only factor to be considered in determining a reasonable fee, there might be some merit to the objections. But this is not the case, there are several factors to be considered: (a) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service competently, (b) the likelihood that a particular retainer will preclude other employment by the attorney, (c) the fee customarily charged in the community for similar

services, (d) the amount involved in the litigation and the results obtained, (e) the time limitations imposed by the litigation, (f) the nature and length of professional relationship with the client, (g) the experience, reputation and ability of the lawyer performing the services, and (h) a consideration whether the fee is fixed or contingent. Considering all of these factors in the light of the factual showing made, including the services rendered and the successful results achieved on the large majority of the counts,[3] the Court is unable to conclude that the combined charge of $5,692.61, the actual amount billed for attorneys' fees and expenses to Gray, Dillon and Davis, is in excess of a reasonable fee. Since Scotten's by-laws and 8 Del.C. § 145(c) direct that directors who have been successful in defense of claims shall be indemnified against expenses and attorneys' fees actually and reasonably incurred in connection therewith, and the Court finding that the combined fee and expenses of $5,692.61 are not in excess of reasonable amounts, an order of indemnification will be entered in that amount for Gray, Dillon and Davis.

II. *Power's Motion For Indemnification.*

■ The defendant Power has also moved for an indemnification award of $3,265.08[4] incurred in defense of the charge made against him in this case. Scotten opposes making any award to Power.

The complaint filed herein reveals that Power was charged with wrongdoing only in Count V. None of the other counts involved Power in any way. It will be recalled that Count V dealt with a charge of negligence with respect to

2. Mr. Dana submitted a fee of $1,700.00 plus $161.09 expenses, a total of $1,861.09, while Mr. Grass submitted a fee for $3,800.00 plus expenses of $31.82, a total of $3,831.82.

3. While no break-down of the time expended between the counts has been furnished, it is apparent from the entire record that

most, if not all, of the time and effort was spent in defense of the counts relating to Gray, Dillon and Davis that were dismissed with prejudice.

4. Of the $3,265.08 requested, $2,823.50 represents attorney fees and $441.58 related litigation expenses.

the mysterious disappearance in 1970 of 43,000 bales (about 1.3 million pounds) of tobacco inventory, valued at $936,000, which belonged to Scotten's wholly-owned subsidiary, Wisconsin Tobacco Company ("Wisco"). At the time of the loss Power was President and chief operating officer[5] of Wisco. In September 1971, after this action was brought, Scotten instituted suit in the United States District Court For The Western District of Wisconsin against Power[6] to recover the tobacco inventory loss. In addition, Power filed an action[7] in the Delaware Superior Court in 1972 against Scotten in which Scotten has counterclaimed charging Power with the responsibility for the tobacco loss and seeking a recovery from him. These two pieces of litigation have not yet been resolved although they are in active prosecution. Because Scotten was actively pursuing in good faith its corporate claim for the tobacco loss both in the Wisconsin federal court and the Delaware state court, the derivative claim of Count V of the present suit was dismissed without prejudice. Thus, it is clear that the dismissal of Count V in this action decided nothing with respect to the allegations of wrongdoing by Power or any other defendant.

The question becomes whether under these circumstances Power is entitled to an indemnity award under 8 Del.C. § 145(c) which, in part, provides:

> "To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b), or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) ac-

tually and reasonably incurred by him in connection therewith."

Power contends that he is entitled to indemnification as a matter of absolute right since the case was dismissed as to him without prejudice. He argues that the statute provides for indemnification of a former corporate officer where he has been "successful on the merits *or otherwise*", i. e. not on the merits, and thus he has been successful by the dismissal of the suit although not on the merits. The Court is unable to agree that Power is entitled to indemnification as a result of the dismissal of Count V without prejudice.

Professor Ernest L. Folk, III, in The Delaware General Corporation Law, p. 98, describes the underlying purpose of 8 Del.C. § 145 as follows:

> ". . . The invariant policy of Delaware legislation on indemnification is to 'promote the desirable end that corporate officials will resist what they consider' unjustified suits and claims 'secure in the knowledge that their reasonable expenses will be borne by the corporations they have served if they are *vindicated*.' Beyond that, its larger purpose is 'to encourage capable men to serve as corporate directors, secure in the knowledge that the expenses incurred by them in upholding their *honesty* and *integrity* as directors will be borne by the corporation they serve'." (Emphasis added) (footnotes omitted).

Again commenting upon the phrase "successful on the merits or otherwise", Professor Folk states, at pp. 99–100:

> "It is to be noted that the director is entitled to indemnity if he is vindicated on the merits 'or otherwise'. This avoids forcing a director or officer (and ultimately on the indemnifying

---

5. Power was also a Vice-President of Scotten.

6. In addition to Power, two other former employees of Wisco were joined as defendants in that suit who were not parties to this litigation. The Wisconsin suit is No. 71–C–325.

7. Power v. Scotten, Dillon Company, C.A. No. 503, 1972 (Superior Court of the State of Delaware In And For New Castle County).

corporation) the additional expense of litigating an issue on the merits where a preliminary technical defense will suffice." · (Footnotes omitted).

The dismissal without prejudice of Count V, the only count in which Power was involved, did not vindicate Power either on the merits or by a technical defense, such as the statute of limitations. The charge was simply erased in this case because the charge against Power is being litigated by Scotten in other litigation. It was simply unnecessary from the standpoint of sound judicial administration to have the same issue pending in this court. Certainly, a dismissal without prejudice solely because the same charge is being litigated in other presently pending actions does not fall within the underlying purpose of § 145. In Merritt-Chapman & Scott Corp. v. Wolfson, 264 A.2d 358, 360 (Del.Super.1970), Judge Stiftel wrote.

> ". . . 8 Del.C. § 145 is a new statute, enacted to clarify its predecessor, 8 Del.C. § 122(10), and to give *vindicated* directors and others involved in corporate affairs a judicially enforceable right to indemnification." (Emphasis added).

The issue before the Court in *Merritt-Chapman* was whether success on one theory of liability in an action where the defendants were held liable on other theories was "success on the merits or otherwise" sufficient to entitle defendants to indemnification under § 145(c). In denying defendants' application, the Court held that specific facts of the case must be examined to reach a determination, stating:

> "It would be anomalous, indeed, and diametrically opposed to the spirit and purpose of the statute and sound public policy to extend the benefits of indemnification to those defendants under the *facts and circumstances of this case*." (Id.) (Emphasis added).

The Court concludes here that when a case is dismissed without prejudice so that the same issue may be litigated in another pending case, an indemnification award would be premature and contrary to the spirit of the statute.

■ This does not, however, foreclose Power from indemnification if he is ultimately successful on the merits or otherwise in having the charge against him dismissed with prejudice in any of the other pending actions. The court which does finally resolve the issue has the authority to award indemnification, if justified under § 145(b) and such an award could include reasonable fees and expenses incurred in defense of the charge contained in Count V of the present litigation. Thus, Power's remedies are effectively preserved by this Court's denial without prejudice of his indemnification.

Accordingly, Power's motion for indemnification will be denied without prejudice.