**Electronically Filed
Supreme Court
SCWC-19-0000261
19-AUG-2025
10:44 AM
Dkt. 26 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

———————————————————————————

LOYALTY DEVELOPMENT COMPANY, LTD.,
Respondent/Plaintiff-Appellee,

vs.

WALLACE S.J. CHING, individually and in his capacity
as a Director of Loyalty Development Company, Ltd.,
Petitioner/Defendant-Appellant.

———————————————————————————

SCWC-19-0000261

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000261; CASE NO. 1CC161001580)

AUGUST 19, 2025

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.   INTRODUCTION

This case centers on a dispute over attorneys' fees between Loyalty Development Company, Ltd. (Loyalty) and one of its directors, Wallace S.J. Ching.  Ching maintains that he is entitled to mandatory indemnification under Hawaiʻi Revised Statutes (HRS) § 414-243 (2004), which obligates a corporation to "indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because the director was a director of the corporation against reasonable expenses incurred by the director in connection with the proceeding."

Ching presents two questions of first impression to this court.  First, whether the dismissal without prejudice of Loyalty's complaint against Ching in the underlying declaratory action qualified Ching as "wholly successful, on the merits or otherwise," under HRS § 414-243 and thus entitled him to mandatory indemnification.  Second, whether the scope of the indemnification under HRS § 414-243 includes the recovery of so-called "fees on fees," those fees and costs reasonably incurred by Ching in securing his right to indemnification.

For the reasons discussed below, we answer both questions in the affirmative.  Accordingly, we reverse the Intermediate Court of Appeals' (ICA) judgment on appeal and the

Circuit Court of the First Circuit's (circuit court) final judgment, and remand the proceeding to the circuit court to determine Ching's reasonable expenses incurred in obtaining indemnification.

## II.    BACKGROUND

### A.    Circuit Court Proceedings

Loyalty is a Hawaiʻi corporation that leases industrial-zoned land.  In 2015, one of Loyalty's corporate directors, Wallace S.J. Ching, began questioning the validity of Loyalty's conflict clause, a provision of Loyalty's articles of association which allows its directors, in the absence of fraud, to vote on corporate transactions in which they have a conflict of interest.  Ching alleged that the provision was in violation of the Hawaiʻi Business Corporation Act, HRS chapter 414.  The parties disputed the matter for months.  Throughout this time, Loyalty's other directors all maintained that the challenged provision was "legal, binding, and enforceable."

On August 16, 2016, Loyalty filed a complaint for declaratory judgment against Ching in the circuit court seeking a determination that the conflict clause was valid and enforceable.  Ching moved to dismiss the complaint for failure to state a claim.  He argued that Loyalty's complaint presented "no actual or substantial and immediate controversy."  The

circuit court granted Ching's motion and dismissed the complaint without prejudice.[1]  At Ching's request, the court explicitly withheld final judgment and retained jurisdiction over the matter for the purpose of hearing a fees motion.

Prior to filing a fees motion with the circuit court, Ching sent an indemnification request to Loyalty directly.  He based his request on both Loyalty's articles of association[2] and HRS § 414-243.  HRS § 414-243 provides in full:

> A corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because the director was a director of the corporation against reasonable expenses incurred by the director in connection with the proceeding.

(Emphases added.)

Loyalty opposed Ching's request.  The corporation contested Ching's claim to statutory indemnification under HRS § 414-243, arguing that Ching's defense had not been "wholly successful, on the merits or otherwise," because the complaint against him had been dismissed without prejudice.

After months of back and forth, Loyalty opted to pursue a final resolution under its own articles, which provided for the appointment of an independent legal counsel to render a

---

[1]  The Honorable Edwin C. Nacino presided.

[2]  Because we hold that Ching is entitled to mandatory indemnification under the statute, HRS § 414-243, we do not address Ching's contention that he is also entitled to indemnification under Loyalty's articles.

final opinion and decision on behalf of the corporation. Ching objected to the appointment and maintained that any decision rendered by the independent counsel could not prejudice Ching's right to pursue statutory indemnification under HRS chapter 414.

In February 2018, consistent with the recommendation of the independent counsel, Loyalty tendered payment to Ching in the amount of $177,755.43 for attorneys' fees and costs incurred in defending against the declaratory judgment action, which Ching accepted. Loyalty further extended a conditional offer[3] to pay Ching an additional $44,438.86 for his fees and costs incurred in obtaining indemnification, which Ching declined.

Following the independent counsel proceedings, Ching moved in the circuit court for fees and costs incurred in obtaining indemnification in the amount of $191,607.74. He again asserted his right to indemnification under HRS § 414-243 and Loyalty's articles of association. Ching argued that Loyalty was required by statute to indemnify him "for his reasonable expenses incurred in connection with his defense, including the fees and costs incurred to compel [Loyalty] to honor its obligation to indemnify him."

---

[3] The offer of $44,438.86 was conditioned on Ching's waiver of any further indemnification claims related to the declaratory judgment action.

The circuit court denied the motion.[4]  Specifically, the court disagreed with Ching's argument for the applicability of HRS § 414-243, concluding that Ching had "not met his burden of proving that he was 'wholly successful, on the merits or otherwise.'"  The court concluded that the indemnification award provided through the independent counsel proceedings was "reasonable for the amount of work and the degree of success that occurred in this case," and that Ching was "entitled to no additional recovery of legal fees and costs over the $177,755.43 that he already ha[d] accepted."

The circuit court entered its final judgment on April 24, 2019.  Ching timely appealed to the ICA.

B.    **Appellate Proceedings**

1.    **Ching's appeal to the ICA**

Ching asked the ICA to vacate the circuit court's judgment and order denying his motion for fees, remand the case for further proceedings, and "require the circuit court to rule on what fees and costs for obtaining indemnification are reasonable, with guidance about the scope of the statutory entitlement."

Ching argued that HRS chapter 414 "provides for mandatory indemnification of corporate directors in certain

_____

[4]    The Honorable Dean E. Ochiai presided.

6

circumstances, and also provides for indemnification of the costs of securing indemnification."  (Emphasis in original.) Acknowledging that Hawaiʻi courts had not previously ruled on fees on fees indemnification under HRS chapter 414, Ching cited a Delaware Supreme Court case, Stifel Financial Corp. v. Cochran, 809 A.2d 555, 561 (Del. 2002), for the assertion that "without an award of attorneys' fees for the indemnification suit itself, indemnification would be incomplete."  "Failure to provide for the costs of indemnification," Ching argued, "would gut the statute."

Citing both the plain language and legislative history of HRS § 414-243, Ching further argued that the phrase "wholly successful, on the merits or otherwise," should be read to include procedural wins, such as dismissal.  He contended this reading was consistent with Hawaiʻi case law interpreting other fee shifting statutes.  See Blair v. Ing, 96 Hawaiʻi 327, 331, 31 P.3d 184, 188 (2001) ("[A] defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14 [(Supp. 2000)].").  Ching argued that in denying his motion the circuit court erred in its interpretation of HRS § 414-243 and further erred in disregarding its own dismissal order as the law of the case.

In response, Loyalty argued that a dismissal without prejudice "lacks the element of finality" and therefore fails to qualify as a complete success.  The corporation cited to a pair of federal court cases to draw the distinction between cases dismissed with and without prejudice.  See In re Mid-Am. Waste Sys., Inc., 228 B.R. 816, 823 (Bankr. D. Del. 1999) ("The 'or otherwise in defense' language contemplates a negotiated settlement in which the suit is dismissed with prejudice and without any payment or assumption of liability by the officer or director.") (emphasis added); Galdi v. Berg, 359 F. Supp. 698, 702 (D. Del. 1973) ("[W]hen a case is dismissed without prejudice so that the same issue may be litigated in another pending case, an indemnification award would be premature and contrary to the spirit of the statute.").  Based on its interpretation of the statutory requirements, Loyalty argued that "Ching was not entitled to mandatory indemnification under HRS §§ 414-243 and 414-245(a)(1)," and thus, "the trial court was not obligated, under HRS § 414-245(b) to award him his fees and costs in seeking indemnification."[5]

---

[5]    HRS § 414-245 (2004) provides, in relevant part:

(a)  A director who is a party to a proceeding because the director is a director may apply for indemnification or an advance for expenses to the court conducting the proceeding or to another court of competent jurisdiction.  After receipt of an application and after giving any notice it considers necessary, the court shall:

(continued . . .)

### 2.    ICA summary disposition order

The ICA affirmed the circuit court's final judgment denying Ching any recovery of fees and costs incurred in seeking his indemnity.  In its summary disposition order, the ICA declined to rule on whether Ching was "wholly successful on the merits or otherwise" within the meaning of HRS § 414-243, despite the parties' extensive briefing on the issue. Concluding that Loyalty had already indemnified Ching for his reasonable expenses incurred in defending the declaratory judgment action, the ICA determined the only issue presented on appeal was whether Ching was entitled to recover fees on fees.

The ICA's analysis turned on its interpretation of HRS § 414-245(b), which provides, "[i]f the court determines that the director is entitled to indemnification under [HRS § 414-243] . . . it shall also order the corporation to pay the director's reasonable expenses incurred in connection with

_____

(. . . continued)

>     (1)  Order indemnification if the court determines that
>     the director is entitled to mandatory indemnification
>     under section 414-243;
>
>     . . . .
>
>     (b)  If the court determines that the director is entitled
>     to indemnification under subsection (a)(1) . . . it shall
>     also order the corporation to pay the director's reasonable
>     expenses incurred in connection with obtaining court-
>     ordered indemnification or advance for expenses.

(Emphasis added.)

obtaining court-ordered indemnification."  The ICA read this provision as the exclusive pathway to recover fees on fees indemnification under HRS chapter 414.  Accordingly, the ICA held that Ching was not entitled to fees on fees under the statute because "the fees and costs sought by Ching were not incurred to obtain court-ordered indemnification."  (Emphasis in original.)

Thus, despite Ching's effort to enforce his statutory right of indemnification under HRS § 414-243 through his fees motion, the ICA concluded that HRS § 414-245(b) foreclosed any right to additional recovery of fees on fees under the statute.

### 3.    Ching's application for writ of certiorari

Ching now asks whether the ICA erred when it "refused to rule upon the predicate statutory questions regarding Ching's request for indemnification for the attorneys' fees incurred in seeking indemnification under HRS § 414-243."  He argues that the ICA was wrong to use HRS § 414-245 to limit the scope of HRS § 414-243, given that the latter, and not the former, operates to "establish the mandatory right to indemnification."

Loyalty asks us to deny Ching's application and affirm the ICA.  The corporation maintains that "the [ICA] ruled correctly that HRS § 414-245(b) does not allow for fees on fees where the underlying indemnification was obtained without a

10

court order."  Loyalty also argues that the ICA's decision
should be upheld "on the independent ground that Ching was never
entitled to mandatory indemnification in the first place"
because he could not meet his burden of proving that, under HRS
§ 414-243, he had been "wholly successful, on the merits or
otherwise."

### III.   STANDARDS OF REVIEW

#### A.   Statutory Interpretation

"Statutory interpretation is a question of law
reviewable de novo."  Panado v. Bd. of Trs., Emps.' Ret. Sys.,
134 Hawaiʻi 1, 10, 332 P.3d 144, 153 (2014) (quoting First Ins.
Co. v. A&B Props., 126 Hawaiʻi 406, 414, 271 P.3d 1165, 1173
(2012)).  In reviewing questions of statutory interpretation, we
are guided by the following principles:

> First, the fundamental starting point for statutory-
> interpretation is the language of the statute itself.
> Second, where the statutory language is plain and
> unambiguous, our sole duty is to give effect to its plain
> and obvious meaning.  Third, implicit in the task of
> statutory construction is our foremost obligation to
> ascertain and give effect to the intention of the
> legislature, which to be obtained primarily from the
> language contained in the statute itself.  Fourth, when
> there is doubt, doubleness of meaning, or indistinctiveness
> or uncertainty of an expression used in a statute, an
> ambiguity exists.

Id. at 11, 332 P.3d at 154 (quoting First Ins. Co., 126 Hawaiʻi
at 414, 271 P.3d at 1173).

Where such an ambiguity exists,

> the meaning of the ambiguous words may be sought by
> examining the context, with which the ambiguous words,

11

> phrases and sentences may be compared in order to ascertain their true meaning.  Moreover, the courts may resort to extrinsic aids in determining legislative intent.  One avenue is the use of legislative history as an interpretive tool.

Kanahele v. State, 154 Hawai‘i 190, 201, 549 P.3d 275, 286 (2024) (quoting Lingle v. Hawai‘i Gov't Emp. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai‘i 178, 183, 111 P.3d 587, 592 (2005)).

## B.  Attorneys' Fees Awards

"This court reviews the denial and granting of attorney's fees under the abuse of discretion standard." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai‘i 286, 297, 141 P.3d 459, 470 (2006) (quoting Chun v. Bd. of Trs. of Emps. Ret. Sys., 106 Hawai‘i 416, 431, 106 P.3d 339, 354 (2005)). "A trial court abuses its discretion when it 'clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.'" Pub. Access Trails Haw. v. Haleakala Ranch Co., 153 Hawai‘i 1, 21, 526 P.3d 526, 546 (2023) (quoting Maui Tomorrow v. State, 110 Hawai‘i 234, 242, 131 P.3d 517, 525 (2006)) (brackets omitted).

## IV.  DISCUSSION

Ching first asks this court to rule on the predicate statutory question of whether he was "wholly successful, on the merits or otherwise," in defense of the declaratory judgment action, and thus entitled to mandatory indemnification under HRS

§ 414-243.  The ICA declined to answer this threshold inquiry.
Instead, it addressed the subsequent question of fees on fees in
isolation, concluding that the language of HRS § 414-245(b)
allowed for the recovery of fees on fees under HRS chapter 414
only where fees were incurred in obtaining court-ordered
indemnification.  Because Ching had already accepted an
indemnification award related to the declaratory judgment
action, the ICA held that HRS § 414-245(b) did not apply and it
was thus unnecessary to address Ching's entitlement under HRS
§ 414-243.

For the reasons discussed below, it was error for the
ICA to foreclose Ching's right to recover fees incurred in
obtaining indemnification merely because "[n]o court ordered
Loyalty to indemnify Ching."  The ICA's decision would appear to
prohibit the recovery of fees on fees under HRS chapter 414 in
any instance where a director and corporation come to a partial
settlement of an indemnification claim outside of court.  This
outcome would be inconsistent with the intent of chapter 414 to
protect corporate directors against liability for actions taken
in good faith.

## A.   Ching Was "Wholly Successful" in Defense of the Declaratory Judgment Action

Whether Ching was "wholly successful, on the merits or
otherwise," within the meaning of HRS § 414-243, is a question

13

of first impression for Hawaiʻi courts.  Further, HRS chapter 414 itself does not define "success."  See HRS § 414-241 (2004). Thus, to better understand the meaning of that term in its statutory context, we turn to the legislative history of HRS § 414-243.  See Kauai Springs v. Plan. Comm'n of Kauaʻi, 133 Hawaiʻi 141, 163, 324 P.3d 951, 973 (2014) ("If the statutory language is ambiguous or doubt exists as to its meaning, courts may take legislative history into consideration in construing a statute.") (quoting Franks v. City & Cnty. of Honolulu, 74 Haw. 328, 335, 843 P.2d 668, 671-72 (1993)).

HRS chapter 414 was enacted in 2000 as Act 244.  2000 Haw. Sess. Laws Act 244, § 1 at 733-812.  When the legislature enacted Act 244, it did so "to modernize the Hawaii Business Corporation Act" by replacing its existing provisions "with the 1984 amendments to the Model Business Corporation Act [(MBCA)]." Conf. Comm. Rep. No. 15, in 2000 House Journal at 850.  One reason the legislature expressed for this revision was "to allow cross-referencing between Hawaiʻi's law and the [MBCA]."  Id. Accordingly, the legislative history of the MBCA is informative to our analysis here.

The language of HRS § 414-243 is taken from § 8.52 of the 1984 revision of the MBCA.[6]  The official comment to § 8.52 provides in part:

> A defendant is "wholly successful" only if the entire proceeding is disposed of on a basis which involves a finding of nonliability.  However, the language in earlier versions of the Model Act and in many other state statutes that the basis of success may be "on the merits or otherwise" is retained.  While this standard may result in an occasional defendant becoming entitled to indemnification because of procedural defenses not related to the merits—e.g., the statute of limitations or disqualification of the plaintiff, it is unreasonable to require a defendant with a valid procedural defense to undergo a possibly prolonged and expensive trial on the merits in order to establish eligibility for mandatory indemnification.

Revised Model Business Corporation Act, § 8.52 cmt. at 250 (Am. Bar Ass'n 1984) (emphases added).

HRS chapter 414 and the MBCA define "liability" identically: "the obligation to pay a judgment, settlement, penalty, fine (including an excise tax assessed with respect to an employee benefit plan), or reasonable expenses incurred with respect to a proceeding."  HRS § 414-241; Revised Model Business Corporation Act, supra at 242.  Interpreting the same model provision, courts from other MBCA jurisdictions have

_____

[6]    Section 8.52 provides:

Unless limited by its articles of incorporation, a corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which he was a party because he is or was a director of the corporation against reasonable expenses incurred by him in connection with the proceeding.

Revised Model Business Corporation Act, supra at 249.

consistently held that a director who incurs no personal liability in the underlying action is "wholly successful" within the meaning of the indemnification statute.  E.g., In re Internet Navigator, Inc., 301 B.R. 1, 5-6 (B.A.P. 8th Cir. 2003) ("[T]he individual defendants were wholly successful on the merits or otherwise in the litigation initiated by the plaintiffs . . . because they incurred no personal liability.") (applying Iowa law); Sherman v. Am. Water Heater Co., 50 S.W.3d 455, 461 (Tenn. Ct. App. 2001) ("[W]e hold that plaintiff did obtain dismissal and did not incur any liability, and was therefore "successful on the merits or otherwise."); Jerue v. Millett, 66 P.3d 736, 750-51 (Alaska 2003) ("Courts requiring mandatory indemnification under substantially identical statutes do so when the defendant achieves success on the merits or otherwise, including termination of claims by agreement without any payment or assumption of liability."); Gary Lockwood, Law of Corp. Officers & Dirs.: Indemn. & Ins. § 3:43 (Nov. 2024 update) ("[D]efendants who admit no liability and pay no money as part of a judgment or settlement are wholly successful and are entitled to mandatory indemnification.").

Here, Ching incurred no liability in the underlying action.  The complaint was dismissed without prejudice and without Ching being obligated to make any payment or suffer any

derogation of his rights.  Accordingly, Ching was "wholly successful" in his defense of the declaratory judgment action.

This conclusion contrasts with the circuit court's finding that Ching did not meet his burden of proving that he was "wholly successful, on the merits or otherwise," as required to obtain indemnification under HRS § 414-243.  The circuit court referenced Ching's alleged "flip flopping" of his position regarding Loyalty's conflicts clause as dispositive of its determination.  But the case law is clear; only the result of the underlying action, and not the reasoning behind that result, is determinative of a director's success.[7]  See, e.g., Damerow Ford Co. v. Bradshaw, 876 P.2d 788, 798 (Or. Ct. App. 1994) (allowing mandatory indemnification when claims against a defendant were dismissed without a finding that the defendant was innocent of the alleged wrongful actions); Waskel v. Guar. Nat'l Corp., 23 P.3d 1214, 1219 (Colo. App. 2000) ("[E]ntitlement to mandatory indemnification turns on whether the party seeking indemnification was successful in the sense that he or she did not have to pay a money judgement in the underlying litigation, and . . . such party's lack of good faith

---

[7]  We note here specifically that the merits of the circuit court's dismissal of the declaratory action are not relevant to the determination of "success" under the statute and, moreover, are not before us on appeal. Accordingly, we do not address whether the circuit court properly dismissed Loyalty's complaint against Ching for failure to state a claim.

17

is irrelevant to the inquiry."); see also Waltuch v. Conticommodity Servs., Inc., 88 F.3d 87, 96 (2d Cir. 1996) ("If a technical defense is deemed 'vindication' under Delaware law, it cannot matter why [Defendant] emerged unscathed . . . or whether his success was deserved.") (interpreting a substantially similar Delaware statute); Alba Conte, Att'y Fee Awards § 5.1 (3d ed. June 2025 update) ("[A] defendant seeks to prevent an alteration in the plaintiff's favor, and that objective is fulfilled whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision, i.e., even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.") (discussing fee awards for prevailing defendants in Title VII claims, 42 U.S.C. § 2000e-5); cf. Jerue, 66 P.3d at 750-51 (holding that directors who obtained dismissal merely by providing the relief the complaint sought had not established a right to mandatory indemnification).

Loyalty argues that Ching cannot be wholly successful because the circuit court's decision lacks finality. See Lockwood, supra at §3.43 ("Regarding the interpretation of 'success,' courts have construed 'success' to contain the element of finality."). The corporation cites Galdi v. Berg, a case from the United States District Court for the District of

Delaware, for the proposition "that when a case is dismissed without prejudice so that the same issue may be litigated in another pending case, an indemnification award would be premature and contrary to the spirit of the statute."[8]  359 F. Supp. at 701-02.

Galdi is clearly distinguishable from the case before us.  There, the claim against the defendant was dismissed without prejudice because the same issue was being litigated concurrently in two different courts.  See id. at 702.  Thus, "[i]t was simply unnecessary from the standpoint of sound judicial administration to have the same issue pending in [separate courts]."  Id.  Consequently, "[t]he dismissal without prejudice . . . did not vindicate [the defendant] either on the merits or by a technical defense."  Id. ("[A] dismissal without prejudice solely because the same charge is being litigated in other presently pending actions does not fall within the underlying purpose of [the indemnification statute].").  Contrast Galdi with the case here, where Loyalty's complaint

---

[8]      The relevant statute in Galdi was Del. Code Ann. tit. 8, § 145(c), which then provided:

> To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding . . . or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

Del. Code Ann. tit. 8, § 145(c) (1970).

19

against Ching was being litigated in a single proceeding and Ching did have a valid technical defense — Loyalty's failure to state a claim.

As Ching contends, for the purpose of attorneys' fees, equating success "on the merits or otherwise" with a finding of nonliability is consistent with Hawai'i law. See Blair, 96 Hawai'i at 332, 31 P.3d at 189 (holding that defendant who obtained a dismissal based on plaintiffs' failure to state a claim was the prevailing party for the purpose of fees under HRS § 607-14); cf. Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978) ("[W]here a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees.") (footnote omitted).

The authors of the MBCA stated that it would be "unreasonable to require a defendant with a valid procedural defense to undergo a possibly prolonged and expensive trial on the merits in order to establish eligibility for mandatory indemnification." Revised Model Business Corporation Act, supra at 250. We have similarly held that "requiring a defendant, who would otherwise prevail on a motion to dismiss, to litigate a claim through trial in order to prevail 'on the merits' would

frustrate the modern goals of judicial economy and the just, speedy, and inexpensive determination of every action." Blair, 96 Hawaiʻi at 331, 31 P.3d at 188.

For the foregoing reasons, we hold that Ching was "wholly successful" for the purposes of HRS § 414-243. Accordingly, Ching was entitled to mandatory indemnification for his reasonable expenses incurred in connection with the declaratory judgment action. See HRS § 414-243.

**B.    Statutory Indemnification Under HRS § 414-243 Includes Recovery of "Fees on Fees"**

Having determined that Ching was entitled to mandatory indemnification under HRS § 414-243, we must now determine whether that entitlement includes the right to recover fees on fees. We hold that it does. This reading is consistent with the legislative intent behind HRS chapter 414 and with this court's opinions in other fee-shifting contexts.

The inquiry starts again with the plain text of the statute. Here, indemnification under HRS § 414-243 encompasses "reasonable expenses incurred by the director in connection with the proceeding." HRS § 414-243. Chapter 414 defines "expenses" as including legal fees. HRS § 414-241. However, neither HRS § 414-243 nor the definitions provision, HRS § 414-241, speak directly to the issue of fees on fees. Therefore, we look again

21

to the legislative history of HRS chapter 414 and its source
text, the 1984 amendments to the MBCA.

The official comment to MBCA § 8.52 provides:

> Section 8.52 determines whether a corporation must
> indemnify a director for his expenses; in other words,
> section 8.52 creates a statutory right of indemnification
> in favor of the director who meets the requirements of that
> section.  Enforcement of this right by judicial proceeding
> is specifically contemplated by section 8.54(1), which also
> gives the director a statutory right to recover expenses
> incurred by him in enforcing his statutory right to
> indemnification under 8.52.

Revised Model Business Corporation Act, supra at 250 (emphasis
added).

MBCA §§ 8.52 and 8.54 are equivalent to HRS §§ 414-243
and 414-245, respectively.  As plainly indicated by the comment
to the MBCA, HRS §§ 414-243 and 414-245 were intended to be read
together.  The former establishes a director's right to
indemnification under certain circumstances and the latter
specifically contemplates enforcement of that right by judicial
proceeding.  Given the express relationship between the two
provisions, we read HRS § 414-245 as informative of the right
created under HRS § 414-243.  See HRS § 1-16 (2009) ("Laws in
pari materia, or upon the same subject matter, shall be
construed with reference to each other.  What is clear in one
statute may be called in aid to explain what is doubtful in
another."); see also Waters v. Nago, 148 Hawaiʻi 46, 61, 468 P.3d
60, 75 (2019) ("Statutory language must be read in the context

22

of the entire statute and construed in a manner consistent with its purpose."). HRS § 414-245(b) then, does not itself create the right to fees on fees. Rather, that provision functions to clarify the scope of the indemnification created under HRS § 414-243 where a director is forced to resort to judicial enforcement of that right.

Interpreting a provision similar to HRS § 414-243, the Delaware Supreme Court held in Stifel Financial Corp. v. Cochran that fees on fees were recoverable under that state's corporate indemnification statute. 809 A.2d at 560-61 (applying Del. Code Ann. tit. 8, § 145 (1997)). Because Delaware has not adopted the MBCA, the ICA dismissed Stifel as inapposite to the present case. We disagree. Although authority from other MBCA jurisdictions would certainly carry more weight, that does not bar this court from considering case law from a non-MBCA jurisdiction, such as Delaware, where the relevant provision is substantially similar to our own. See State v. Cornelio, 84 Hawaiʻi 476, 490, 935 P.2d 1021, 1035 (1997) ("Case law interpreting the same or similar statute is always useful in analyzing the purpose and meaning of a legislative enactment where the language is ambiguous.").

The analogous Delaware statute analyzed in Stifel provided:

23

> To the extent that a present or former director or officer of a corporation has been <u>successful on the merits or otherwise in defense of any action</u>, suit or proceeding . . . or in defense of any claim, issue or matter therein, such person <u>shall be indemnified</u> against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.

Del. Code Ann. tit. 8, §145(c) (1997) (emphasis added).

The Delaware Supreme Court recognized that "without an award of attorneys' fees for the indemnification suit itself, indemnification would be incomplete."  <u>Stifel</u>, 809 A.2d at 561.  That court persuasively reasoned:

> Allowing indemnification for the expenses incurred by a director in pursuing his indemnification rights gives recognition to the reality that the corporation itself is responsible for putting the director through the process of litigation.  Further, giving full effect to [the indemnification statute] prevents a corporation from using its "deep pockets" to wear down a former director, with a valid claim to indemnification, through expensive litigation.

<u>Id.</u>

More generally, a majority of courts have held the recovery of fees on fees to be appropriate in fee-shifting cases.  <u>See</u> Robert L. Rossi, <u>Attys' Fees</u> § 6:15 (3d ed. May 2025 update) ("[T]he vast majority of courts that have considered the issue have held or indicated that reasonable attorneys' fees may be awarded for litigating the fee issue.").  In federal court, the Ninth Circuit has "uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  <u>In re Nucorp Energy, Inc.</u>, 764 F.2d 655, 659-60 (9th Cir. 1985).  "This is so because it would be inconsistent

to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." Camacho v. Bridgeport Fin. Inc., 523 F.3d 973, 981 (9th Cir. 2008).

The national trend aligns with the rationale behind this court's decision in Public Access Trails Hawaiʻi to include recovery of fees on fees under the private attorney general doctrine. 153 Hawaiʻi at 29, 526 P.3d at 554. There we reasoned that "precluding fees on fees would have a chilling effect on vital public interest litigation." Id. at 28, 526 P.3d at 553. Further, the doctrine itself would be "nullified if fee awards are diluted or dissipated by lengthy, uncompensated proceedings to fix or defend a rightful fee claim." Id. (internal quotations and citations omitted). Here, the preclusion of fees on fees would similarly dissuade responsible persons from serving as corporate directors. See Revised Model Business Corporation Act, supra, at 240 ("[I]t would be difficult or impossible to persuade responsible persons to serve as directors if they were compelled to bear personally the cost of vindicating the propriety of their conduct in every instance in which it might be challenged."); Stifel, 809 A.2d at 561 (stating the larger purpose of the corporate indemnification statute "to encourage capable [persons] to serve as corporate

25

directors, secure in the knowledge that expenses incurred by them in upholding their honesty and integrity as directors will be borne by the corporation they serve").

Consistent with the foregoing discussion, we hold that the entitlement to indemnification under HRS § 414-243 includes the recovery of reasonable expenses incurred in obtaining indemnification.

**C.    The Language of HRS § 414-245(b) Does Not Limit the Scope of the Mandatory Indemnification Provided Under HRS § 414-243**

A director who was wholly successful in defense of any proceeding against them pursuant to HRS § 414-243, and who has partially settled their claim for indemnification relating to that proceeding, may still apply to the court conducting the proceeding or to another court of competent jurisdiction for a determination of the director's reasonable expenses incurred in obtaining indemnification.  See HRS § 414-245.

The ICA held that HRS § 414-245(b) did not apply to Ching "because the fees and costs sought by Ching were not incurred to obtain court-ordered indemnification."  (Emphasis in original.)  There were two facts the ICA found determinative: (1) no court had determined that Ching was entitled to mandatory indemnification under HRS § 414-243; and (2) Loyalty had already

indemnified Ching under the procedures laid out in its own articles of association.  We address each in turn.

First, Ching cannot be blamed for the fact that the circuit court did not recognize his right to mandatory indemnification under HRS § 414-243.  HRS § 414-245(a) instructs a director who is party to a proceeding because of their director status to "apply for indemnification . . . to the court conducting the proceeding or to another court of competent jurisdiction."  The official MBCA comment spells out the procedure clearly:

> Section [414-243] determines whether a corporation must indemnify a director for his expenses; in other words, section [414-243] creates a statutory right of indemnification in favor of the director who meets the requirements of that section.  Enforcement of this right by judicial proceeding is specifically contemplated by section [414-245], which also gives the director a statutory right to recover expenses incurred by him in enforcing his statutory right to indemnification under section [414-243].

Revised Model Business Corporation Act, supra at 250.

Ching followed this procedure in good faith.  He claimed his entitlement to mandatory indemnification under HRS § 414-243 from the beginning.  And he maintained his position before both the independent counsel and the circuit court. Ching's memorandum in support of his motion for fees asserted that "court awards of a director's reasonable expenses incurred in obtaining indemnification are plainly recognized in case law and by statute," and "HRS § 414-243 provides [the] ground upon

27

which Mr. Ching is entitled to recover the attorneys' fees and costs he incurred in the proceeding before Independent Counsel."

As discussed in part IV.A., supra, Ching was wholly successful in his defense of the declaratory judgment action and accordingly was entitled to mandatory indemnification under HRS § 414-243. Thus, when the circuit court determined that Ching had not been wholly successful, it did so in error.

On appeal to the ICA, Ching again maintained his right to indemnification under the statute and briefed the issue thoroughly. Respectfully, the ICA erred when it declined to rule on the threshold statutory question of Ching's entitlement. The ICA then compounded that error by allowing it to dictate the ultimate holding in its order.

Second, the fact that the parties came to a partial settlement under the procedures established by Loyalty's articles of association did not preclude Ching from pursuing his statutory right to fees on fees under HRS chapter 414.

As an initial matter, the indemnification provisions in Loyalty's articles did not limit Ching's rights under HRS chapter 414. HRS § 414-249(c) (2004) specifically allows a corporation, by a provision in its own articles of incorporation, to limit a director's statutory right to indemnification. Loyalty did not exercise that option. On the

contrary, Article V, paragraph 10 of Loyalty's articles expressly preserves any statutory right to indemnification that a director might claim:

> Any indemnification pursuant to this Article V <u>shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled</u> and shall continue as to a person who has ceased to be a director, officer or employee and shall inure to the benefit of the heirs and personal representatives of such person.

(Emphasis added.)

Notwithstanding the partial settlement of his expenses relating to the underlying declaratory judgment action, Ching retained his statutory right to recover fees on fees under HRS § 414-243. He then complied with the procedure defined in HRS § 414-245 by filing his motion in the circuit court. The official comment to the MBCA plainly indicates that HRS § 414-245 specifically contemplates enforcement of the statutory right to indemnification and "also gives the director a statutory right <u>to recover expenses incurred by him in enforcing his statutory right</u>." See <u>Revised Model Business Corporation Act</u>, <u>supra</u> at 250 (emphasis added).

Further, Ching raises a valid policy argument that the ICA's requirement of court-ordered indemnification in the first instance is likely to discourage parties from pursuing settlements of indemnity disputes. This is contrary to "the well-settled rule that the law favors the resolution of controversies through compromise or settlement rather than by

29

litigation." Kamaunu v. Kaaea, 99 Hawaiʻi 503, 507, 57 P.3d 428, 432 (2002) (citations omitted). Settling the indemnification award for the underlying claim will in most cases resolve the greater part of the dispute and may in some cases resolve it entirely. Still, those entitled directors who agree to partial settlements retain the right under HRS § 414-243 to recover fees and costs incurred in obtaining indemnification. This is particularly true where, as here, partial settlement is achieved only after prolonged litigation of the underlying indemnity dispute. The amount of fees a director is able to recover remains within the discretion of the circuit court and subject to the "reasonable expense" limitation of HRS §§ 414-243 and 414-245. However, while the circuit court may reduce the director's indemnification award at its discretion, it would be an abuse of discretion for the circuit court to disregard the director's right to indemnification entirely. See Pub. Access Trails Haw., 153 Hawaiʻi at 21, 526 P.3d at 546 (quoting Maui Tomorrow, 110 Hawaiʻi at 242, 131 P.3d at 525).

Finally, as discussed above, allowing access to the courts provides teeth to the indemnification provisions of HRS chapter 414 and strikes a balance between important social policies. See Revised Model Business Corporation Act, supra at 239. Parties will be encouraged to settle, and directors will

30

still have an enforcement mechanism should the corporation prolong settlement negotiations, abuse its leverage, or otherwise proceed in bad faith.

### V. CONCLUSION

For the foregoing reasons, we reverse (1) the ICA's June 14, 2024 Judgment on Appeal; (2) the circuit court's April 24, 2019 Final Judgment; and (3) the circuit court's February 25, 2019 "Findings of Fact, Conclusions of Law and Order Denying Defendant Wallace S.J. Ching's Individually and in his capacity as a Director of Loyalty Development Company, Ltd., Motion for Attorneys' Fees and Costs Incurred in Obtaining Indemnification." We remand the proceeding to the circuit court to determine Ching's reasonable expenses incurred in obtaining indemnification.

Deirdre Marie-Iha
Edmund K. Saffery
Kellie K.L. Wong
(Ward Jones,
on the briefs)
for petitioner

Jonathan S. Moore
(Bert T. Kobayashi, Jr. and
Caycie K. Gusman Wong,
on the briefs)
for respondent

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

